MARJORIE H. SNYDER, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action under an accidental death rider on a life insurance policy. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

GEORGE G. ESTES, Respondent, v. FRED J. SLATER and EFFIE SLATER, Appellants.— Judgment and order affirmed, with costs. All concur, except Lewis, J., who dissents and votes for reversal on the law and facts and for dismissal of the complaint, in the following memorandum: Conceding that plaintiff was required by law to stop and give his name to Fardett, with whose car he had collided, he was also required in doing so to exercise care for his own safety commensurate with the risks which passing traffic, inclement weather and snow conditions created at that time and place. His collision with the Fardett car had given him unmistakable knowledge that visibility for driving was bad. In fact it was he who said of the driving conditions then prevailing that they " couldn't be much worse." Possessed of this knowledge, plaintiff failed to exercise reasonable care for his own safety when, for the purpose of furnishing his name to Fardett, he took a position in the lane of north-bound traffic along which the defendant was rightfully proceeding at a reasonable speed. Having chosen a place of known danger in which to stand and having thus failed to exercise reasonable care under all the prevailing circumstances to protect himself, plaintiff should not now be permitted to recover from the defendant for personal injuries which clearly resulted from plaintiff's own fault. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

MARY ESTES, Respondent, v. FRED J. SLATER and EFFIE SLATER, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

In the Matter of the Construction of the Last Will and Testament of JOHN MCDERMOTT, Deceased.— Decree affirmed, with costs to all parties appearing by separate attorneys and filing briefs, payable out of the estate. All concur. (The decree construes a will.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Proceeding under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossings at Grade of the Railroads Operated by THE PENNSYLVANIA RAILROAD COMPANY and Another and FARNHAM-IRVING STATE HIGHWAY, in the Town of Brant, and Another Grade Crossing in the Town of Hanover, Chautauqua County. (Case No. 5389.) — Motion for a reargument denied; motion for leave to appeal to the Court of Appeals granted. [See 252 App Div. 404.] Present — Sears, P. J., Crosby, Lewis and Cunningham, JJ.