**SQUARE DEAL TRUCKING CO. v. SHIFFLETTE.**

No. 933.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 16, 1950.

Decided Aug. 31, 1950.

Thomas B. Heffelfinger, Washington, D. C., with whom W. Cameron Burton, Wash-

ington, D. C., was on the brief, for appellant.

Joseph S. McCarthy, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant's disabled truck was parked on Nichols Avenue about twenty or thirty feet from the intersection of that avenue and Good Hope Road. The right front wheel of the truck touched the curb but the right rear wheel was five feet from the curb. Plaintiff's automobile, having made a right hand turn from Good Hope Road into Nichols Avenue, struck the left rear corner of the truck and was considerably damaged. Plaintiff recovered judgment for such damage and defendant has appealed.

The accident occurred at night and the weather was rainy and foggy. Though not expressly so stated in the statement of proceedings and evidence, the clear implication is that there were no lights on the truck, but there were red reflectors, approximately 5½ inches in diameter, on each side of the rear of the truck. Plaintiff testified he did not see the truck until the collision. The driver of the truck could not be located at time of trial and there was no evidence as to why the truck was disabled, why it was parked in such a manner, how long it had been so parked prior to the collision, or whether any effort had been made to repair the truck or have it towed away.

■ Defendant argues that there was no evidence of negligence on its part, asserting that, in the absence of statute or regulation to the contrary, the parking of a disabled vehicle on the highway is not negligence.[1] This is a correct statement provided the parking is done with all reasonable care permitted by the circumstances. The fact that a vehicle becomes disabled does not relieve the operator of the duty of reasonable care. Regardless of statute or regulation, one who parks a disabled vehicle must use reasonable care to prevent the parked vehicle, so far as possible, from becoming a traffic hazard. What is reasonable will depend upon the particular situation. Thus, even a disabled vehicle must ordinarily be parked so that it does not obstruct the normal flow of traffic. When this is impossible reasonable care must be exercised to give adequate warning to others.

Here the truck was left standing twenty or thirty feet from the intersection with its rear end projecting out from the curb well into a relatively heavily traveled street. There is no evidence when it was so left but there it was on a rainy, foggy night. Under these circumstances it was for the trial court to determine as a fact whether defendant used the reasonable care demanded by the circumstances.

■ Defendant also contends that plaintiff, as a matter of law, was guilty of contributory negligence in failing to see the truck before the collision. Contributory negligence is generally a question of fact. The evidence here would have supported a finding of contributory negligence but it did not compel such a finding. In view of the angle at which the truck was parked, the darkness, the weather, and other traffic conditions, we cannot rule as a matter of law that plaintiff was contributorily negligent.

■ We hold that on this record the issues of negligence and contributory negligence presented questions of fact and the judgment must be affirmed.

Affirmed.

1. No pertinent traffic regulations were brought to the attention of either the trial court or this court.