LILA STANTON, Respondent, *v.* WILLARD A. CLEGG et al., Appellants, et al., Defendants.

Third Department, June 29, 1951.

*John J. Scully* for Benny Kawiecki and Edward M. Smith, appellants.

*Bruce R. Sullivan* and *Malcolm G. Bibby* for Willard A. Clegg, appellant.

*Jack Goodman, George I. Polansky* and *Nathan M. Medwin* for respondent.

BERGAN, J. This appeal examines in search of negligence a chain of events in series. There is a thread of association between them and some logical interdependence, or so a jury might find. The appellants raise the question whether the events setting the series in motion became in the classic sense the " proximate cause " of the plaintiff's injuries which came at the end.

The application to actual cases of the rule of proximate and remote cause, itself troublesome enough, here is burdened by a claim that the original actors gave a new and fresh negligent impulse to the stream of events midway in its course which might bring home to them an entirely independent liability.

Two motor vehicles collided together at a street intersection in Albany early in the morning of April 10, 1949. One was owned and operated by the appellant Clegg; the other was owned by appellant Kawiecki and operated by appellant Smith. Clegg testified he came into the intersection on Smith's right and stopped; that Smith came on without changing speed or direction and ran into him. Smith testified he did not see Clegg's car until the collision.

When the vehicles came to rest they occupied a substantial portion of the traffic lane in which Smith had been driving and the hood of that car had been thrown clear of the wreckage and lay in the middle of the street. With these conditions unchanged a second accident occurred at the scene some fifteen or twenty minutes later. For ten minutes of this time Clegg testified he sat in his car dazed from the effect of the accident. For a portion of the rest of the time both drivers were standing in the street exchanging names and license numbers.

Proceeding in the same direction from which Smith had come a car driven by defendant Giminiani approached the wrecked vehicles. This driver testified he saw the cars in the street some distance away, and as he got closer he noticed there had been an accident and pulled to the left.

As he did this he noticed the car hood in the street, which then looked to him to be a " black object ". He pulled over farther to the left to get around it and a short distance beyond struck the plaintiff who was crossing the street.

There is proof that plaintiff was on a crossing when struck by Giminiani; that she was near the curb on his far left-hand side of the street, and that this accident occurred about five feet from the place where the hood of the Kawiecki car lay in the street.

Some of this is in dispute, but it is a factual view of the evidence most favorable to plaintiff's contention which the jury could have taken. In the course of the trial plaintiff settled her case with Giminiani for $10,000 and she has had a verdict against the appellants for $20,000.

Although in the view which we take of the case the first accident must be a point of reference in evaluating the liability

of the appellants, the chain of causation has been so broken in sequence that the negligence, if any, of the drivers in the first accident was not the " proximate cause " of plaintiff's injury. That accident was over. What existed was a static condition which could not have injured plaintiff without a new intervention.

There is a wide and respectable field of literature in the reported cases and in law texts addressed to an attempt to place in good relation the proximate and remote causes of actual situations. A leading New York decision is *Trapp* v. *McClellan* (68 App. Div. 362); another is *Laidlaw* v. *Sage* (158 N. Y. 73).

A recent case in the field of motor vehicle accidents in this court is *Gralton* v. *Oliver* (277 App. Div. 449, affd. 302 N. Y. 864), where after one accident had occurred and the two vehicles were standing in the street, a third car collided with them injuring the plaintiff. It was held that plaintiff's judgment against the owner of one of the cars in the original accident should be reversed and that judgment stand solely against the driver of the car in motion in the second collision.

The main theory on which the case at hand was submitted to the jury by the Trial Term was that it could be found that appellants were negligent in leaving their vehicles on the travelled portion of a public street without warning or protection to the public using the street. It was submitted to the jury to say whether, if this was negligent, there was a causal association between the condition left on the street and the accident which brought about plaintiff's injury.

Thus the question of negligence as submitted was not the blame for the original accident, but the blame for the static post-accident condition. An isolated request to charge that if one driver was not negligent in the original accident the plaintiff could not recover against him was allowed without amplification; but the charge viewed in its totality must be regarded as limiting the jury to finding negligence based on the condition in the street after the first accident.

On the whole we think the record presents a question of fact on the negligence of the appellants in respect of the vehicles or their parts on the street after the first accident. Whether they should have acted to protect the users of the street from further casualty could depend on time, traffic density, ability to make physical changes or to observe danger and to give warning; but all this is a matter of degree, and a matter of judgment on what would have been required by due care under the actual conditions. To say this is usually to say the case is for the

jury, since it discloses a field in which reasonable men might differ.

Even when a driver of a vehicle is confronted with an emergency preventing its operation which he did not negligently cause, it may become a question of fact whether in view of heavy traffic, the passing of time and other elements, he would be required to take some reasonable precautions about the danger caused by a vehicle left standing in a highway. (*Axelrod* v. *Krupinski,* 302 N. Y. 367 [1951].)

There it could have been found the defendant's vehicle broke down on an elevated express highway and was left standing for some twenty minutes or more when it was struck by another car. The Appellate Division's dismissal of the complaint as a matter of law (276 App. Div. 755) was reversed. Several possible precautions which the defendant might have taken in the interests of safety were envisioned in the opinion of the Court of Appeals, not to hold that any of them necessarily had to be followed as a matter of law, but to demonstrate that the case presented a question of fact. (See p. 370.)

To evaluate properly a static condition caused by a previous accident, however, it is necessary to refer back to the original accident to determine who had the opportunity, the ability and the obligation of correcting the dangerous situation remaining on the highway.

A man might be said to have been entirely blameless as a matter of negligence for the occurrence of an accident and his vehicle, when the accident was all over, might itself be so placed as to create no danger in the highway; while that of the other driver, a negligent actor in the occurrence, might be regarded as so placed to cause a continuing danger to the public. The first man would have no responsibility related to the second man's car. He might, however, have a responsibility even for the position of the other man's car if the jury found he was also, or alone, negligent in the occurrence of the initial accident. Even a grossly negligent man, unconscious after an accident, would incur no responsibility for the static continuance of a dangerous condition.

The physical capacity of the parties to move the vehicles; their ability and means to give warning by lights or otherwise; the density of traffic; the length of time involved, are all elements which would affect the disposition of such a case. A question of fact would not always exist. Our judgment is in agreement with the Trial Term that it exists here.

There is an additional question. Assuming the appellants' negligence in the manner in which the vehicles occupied the street, there must be shown also an association between this and the act of the third driver Giminiani in injuring the plaintiff.

This is not a case where a driver has run into a wreck. The wrecked cars did not obscure Giminiani's view of plaintiff nor did these cars literally compel Giminiani to go to the left side of the street into the opposite lane of traffic. He could have stopped and waited.

But the jury could have found that there was an association between his being on the left to pass the damaged cars and the location of those cars and the hood in the street, and that while Giminiani's act of driving on the left was wrongful in itself it could also be found to have been associated with the static conditions on the street attributable to the appellants.

There would be no particular trouble here in finding that Giminiani's being on the wrong side of the street was a negligent cause of the injury to the plaintiff, because the statute regulating the direction of traffic was intended for the protection of pedestrians crossing on a crosswalk as well as for other vehicles using the street. Thus the rule laid down in *DiCaprio* v. *New York Central R. R. Co.* (231 N. Y. 94) that the violation of a statute is negligence only in respect of those it is designed to protect, and as later applied in *Boronkay* v. *Robinson & Carpenter* (247 N. Y. 365) to a case of a truck stopping with its left side to the curb is without relevancy. *Mullen* v. *Fayette* (274 App. Div. 527 [1948]), dealing with the effect of an obstructed sidewalk as an element in the causation of an accident, has some similarity to the problem here.

While we are of opinion that a question of fact exists, we regard the verdict in the case of Clegg on the record that comes to us as against the weight of the evidence. The testimony of both Clegg and of Smith suggests that Clegg had no negligent responsibility for the first accident. It is undisputed Clegg was dazed a substantial portion of the time between the two accidents and had no personal knowledge of the position of the hood of the other car in the street.

Only a residual responsibility to prevent his own car in the street from becoming a source of danger seems to be left open as a basis for Clegg's liability for plaintiff's injury on this record as it was developed.

Since a new trial is to be had in Clegg's case, we are further of opinion that the discretion of the court should be exercised to direct a new trial in the case of Kawiecki and Smith as well.

The events in the first accident had such interdependence as not to be easily separable. The relatively short time between the accidents; the fact that it was necessary to have both vehicles towed away; the statutory need of both drivers to exchange information about themselves, seem to suggest such a new trial would be in the interest of justice.

The judgment should be reversed and a new trial ordered with costs to abide the event; the order of reversal should recite in pursuance of section 604 of the Civil Practice Act that the appeal presented questions of fact and discretion.

FOSTER, P. J., BREWSTER, DEYO and COON, JJ., concur.

Judgment reversed and a new trial ordered with costs to abide the event, and the court certifies in pursuance of section 604 of the Civil Practice Act that the appeal presents questions of fact and discretion.