MORGAN, ET AL. *v.* NORFUL, ET AL.

5-136                                             262 S. W. 2d 139

Opinion delivered November 16, 1953.

*Bernard Whetstone,* for appellant.

*Walter L. Brown* and *L. B. Smead,* for appellee.

WARD, J.   Involved on this appeal is the question whether the evidence presented by the plaintiffs in a suit for the conversion of timber was sufficient to make a jury question.   The trial court directed a verdict in favor of the defendants and this appeal follows.

Appellants R. W. Morgan, Asa S. Morgan and Charles M. Morgan in their own right and R. W. Morgan as executor are the owners of approximately 1,100 acres of land.   They filed suit for the conversion of approximately 250,000 feet of timber cut from said land alleging that it had been converted by the appellees, Vernon Whitten, Otis Norful and Douglas Norful.

Since the only question involved is the one mentioned above it is deemed necessary to set out only such testimony as tends to show that there was substantial evidence to make a question for the jury, and in doing so we will treat the testimony in the light most favorable to appellants under the well established rule of this court.

FACTS.   It was stipulated that appellants were the owners of the land in question and that they gave no one

authority to cut any timber. *Emmett Miller* testifying for appellants stated in substance that he had visited the lands in question at least once a month or more often and that he saw Otis and Douglas Norful on the land nearly every time he was there, and sometimes he saw them there at night, and that they were cutting and hauling away timber both day and night. *Homer Holloman* testified for appellants that he saw Otis Norful cutting and hauling timber off the land three or four times, and stated that Otis said he was putting the logs at a place near the mill owned by appellee, Whitten. Here we state that it is not denied that Whitten was the owner of a sawmill at Mt. Holly and that this was the only sawmill at that place. *Dick Welch* testified for appellants in substance that prior to the filing of this suit he saw Otis cutting and hauling timber from this land and that he asked Otis to pay him $10 which he owed; that Otis replied that he would go to the mill (meaning Whitten's mill at Mt. Holly) and get the money; that Otis drove his truck loaded with timber from appellants' land up to Whitten's mill, went into the office and came back and paid him the $10; and that there was between 700 and 800 feet of logs in the load. He left and did not see Otis unload the logs at Whitten's mill. *Lyle Dews* testified for appellants that he had cruised the land in question and found that from March 1, 1948, to March 1, 1950 [the period in question] approximately 250,000 feet of timber had been cut and removed, of which about 50,000 feet was hardwood, valued at from $12.50 to $15.00 per thousand feet, and the balance was pine valued at approximately $25.00 per thousand feet. Witnesses *E. J. Nutt* and *N. T. Rutledge* both testified as to the value of both hardwood and pine timber during the period in question. *R. L. Lewis* testified that he saw Otis and Douglas cutting and loading logs on the land in question and Otis stated that he was hauling the logs for Whitten. Witness also stated he saw one Early Utsey driving a team [presumably for Otis and Douglas] and that he saw him take a load of logs from the land in question to Whitten's mill or rather he saw the load turn into the mill on a tramway which

could only go to the mill. Witness told of a conversation with Otis in which he said, "Otis, who all was out there with you the time I came over there in the woods where you was loading on that load of logs?" Witness stated Otis' reply was "Mr. Lynn, you be quiet."

Vernon Whitten, one of the appellees, testified in answer to interrogatories that he was the owner and manager of the Mt. Holly Lumber Company; that he attended to all purchases of logs and timber for said mill; that he purchased some logs from Otis and Douglas Norful but that he did not know the amount of the logs purchased, the dates of the purchases, or from what lands they were cut.

It is our opinion that the testimony related above constitutes substantial evidence from which the jury might have found that Otis and Douglas Norful had cut and removed timber in some amount and for some value from the lands of appellants, and that consequently the trial court was in error in refusing to submit the evidence to the jury for consideration.

AS TO WHITTEN. It is apparent from the above that appellee, Whitten, is not in the same situation from a factual standpoint as Otis and Douglas Norful respecting the question under consideration. However, in view of the testimony above referred to and in view of other matters hereinafter mentioned, we are of the opinion that the trial court was in error in directing a verdict in favor of Whitten.

While it is true that there is no direct proof that Whitten purchased any timber cut from appellants' land, we think there are facts and circumstances from which a jury might have concluded that he did. One indicative circumstance is here noted. The testimony shows that when Otis went to Whitten's office to get the $10 to pay a loan from Welch he drove up to the vicinity of the mill with 700 or 800 feet of timber on his truck; and that he drove his truck down the tramway from the road to the mill, a distance of approximately 75 yards. It might appear to reasonable minds that Otis was delivering the

truck load of timber to Whitten's mill and that, if he was not doing so, he would have parked his truck and walked to the office. It might be significant also that Whitten did not more fully answer the interrogatories which were attached to appellants' complaint. He was asked to list the dates of purchases, the exact description as to quality and quantity of each purchase, the amount paid for each purchase and the description or identity of the land from which the timber was cut, of all logs or timber purchased by him or any of his agents or employees from Otis and Douglas Norful or either of them between the dates of March 1, 1948, and March 1, 1950. It will be noted however from the above abstract of Whitten's testimony that his answers were incomplete if not evasive and this matter was called to the attention of the trial court by appellants. From all the above we have concluded that the testimony introduced by appellants amounts to substantial evidence and that the matter should have been submitted to the jury for its consideration. We are unable to say that fair-minded men might not have been honestly convinced that Whitten bought some timber cut from appellants' land and particularly the one load consisting of 700 or 800 feet which was hauled to his mill by Otis Norful. The rule in this connection is well illustrated by language used in the case of *Missouri Pacific Railroad Company, Thompson, Trustee,* v. *Kagy,* 201 Ark. 150, at page 154, 143 S. W. 2d 1095, at page 1097.

"The rule is that where fair-minded men might differ honestly as to the conclusion to be drawn from the facts, either controverted or uncontroverted, the question should go to the jury, and it is the province of the jury to pass on the weight of the evidence and the credibility of the witnesses, . . . ."

In accordance with the above view the cause is reversed and remanded.

The Chief Justice dissents from the reversal as to Whitten.