PHILLIPS CO-OPERATIVE GIN CO. *v.* GOSHEN.

5-1791                                      322 S. W. 2d 68

Opinion delivered March 23, 1959.

*Wood & Smith,* for appellant.

*Thorp Thomas* and *Tom Gentry,* for appellee.

ED. F. McFADDIN, Associate Justice. The question is, whether a case was made for the jury. The Trial Court gave an instructed verdict for the plaintiff on the issue of liability, and the defendant has appealed.

The plaintiff, Dewey Goshen, was riding as a passenger in an automobile driven by Richard F. Toll, Sr.

on September 27, 1955. There was a collision between the Toll automobile and a truck-trailer driven by W T. Jackson; and Goshen was injured. He sued both Jackson and the Phillips Co-operative Gin Company[1] for damages, alleging that Jackson was, at the time and place of the accident, the ". . . agent and servant, or employee of the defendant, Phillips Co-operative Gin Company, and acting within the scope of his employment. . ."; and that Jackson was guilty of negligence which directly caused Goshen's injuries.

Phillips Co-operative Gin Company (hereinafter called "Phillips") and Jackson each separately filed a general denial; and the cause proceeded to trial.[2] In order to hold Phillips liable for Jackson's negligence, Goshen was, of course, required to show that Jackson was the agent and servant, or employee of Phillips and acting in the scope of his employment. To sustain that burden, Goshen offered two witnesses. He showed by Mr. Calhoun of the Southern Cotton Oil Company: (a) that on the day of the traffic mishap Jackson, driving a truck-trailer, had delivered a load of cottonseed from Phillips to the Southern Cotton Oil Company in Little Rock; (b) that Southern Cotton Company inquired of Phillips to whom to pay the amount for the hauling; (c) that the oil mill paid Phillips direct for the hauling of the load of cottonseed; (d) that on other loads of cottonseed so hauled, the oil mill had paid Phillips direct for the hauling of the cottonseed that had been hauled by Jackson; (e) that the witness did not know what arrangements Phillips had with Jackson for hauling the seed; and (f) that no one else except Jackson had ever delivered cottonseed to the oil mill from Phillips during that season.

---

[1] In *Phillips* v. *Toll*, 228 Ark. 891, 311 S. W. 2d 171, there was involved the liability of Phillips to the estate of Toll, growing out of the same traffic mishap as here involved. In that case, we held that a jury question was made as to the liability of Phillips; but some of the language in that opinion caused the Trial Court to make the ruling here challenged.

[2] Goshen introduced evidence as to his injuries and damages and Jackson's negligence; and the sufficiency of this proof is not disputed on this appeal.

Goshen then showed by State Trooper Louis Cone that after the accident Jackson told the officer that he had delivered a load of cottonseed to the oil mill and was going "back home"; that Jackson admitted that he had been drinking some beer with his dinner; that Jackson claimed the truck-trailer was his; and that he had been hauling the cottonseed for Phillips.[3] On direct examination, Officer Cone said that Jackson said he was "working" for Phillips; but on cross-examination Officer Cone said that Jackson had said he was "hauling" for Phillips. Jackson was on Highway No. 30, the direct way both to Jackson's home and to the Phillips Gin, when the mishap occurred. The testimony of the two witnesses, Calhoun and Cone, plus the exhibits as to checks and memoranda, constituted all the evidence offered by Goshen as to the liability of Phillips. When Goshen rested, Phillips also rested, without offering evidence. Goshen then moved for an instructed verdict, which the Court gave, over Phillips' objection.[4]

After a careful study, we conclude that the learned Trial Court was in error in giving the instructed verdict. Phillips' general denial gave it the right to urge to the jury that Jackson was an independent contractor. *Hutcheson* v. *Clapp*, 216 Ark. 517, 226 S. W. 2d 546. Our rule is, that in testing the correctness of the Court's action in giving an instructed verdict, the evidence and all reasonable inferences deducible therefrom should be viewed in the light most favorable to the party against

---

[3] There was no showing as to the hour that the seed had been delivered or what Jackson did after the delivery, except he did admit to the officer that he had been to eat a noon meal and had some beer with it.

[4] The instruction read: "You are instructed to find for Dewey Goshen and against both defendants, W. T. Jackson and Phillips Cooperative Gin Company, and assess against them such damages, if any, as Dewey Goshen suffered. In determining the amount of damages, if any, to Dewey Goshen, you will take into consideration the conscious pain, suffering and mental anguish if any, endured by Dewey Goshen as a result of his injuries, if any, the medical expenses, if any, occasioned by the injuries to Dewey Goshen and his loss of earnings, if any." There is a rule that where both sides request an instructed verdict and *no other instruction*, the instructed verdict given has the force and effect of a jury verdict. *General Contract Purchase Corp.* v. *Row*, 208 Ark. 951, 188 S. W. 2d 507; *Cortiania* v. *Franco*, 212 Ark. 930, 208 S. W. 2d 436. That rule cannot apply here because; (a) Phillips did not request an instructed verdict; and (b) Phillips offered five other instructions, all of which were refused.

whom the verdict is directed; and if there is any conflict in the evidence, or if fair-minded men might draw different conclusions from the evidence, it is error to direct a verdict. *St. Louis I. M. & S. R. Co.* v. *Fuqua,* 114 Ark. 112, 169 S. W. 786. Thus, viewing the evidence in the light most favorable to Phillips, a verdict should have been directed for Goshen only if there was no escape from the conclusion that Jackson was, at the time and place of the traffic mishap, the servant and agent, or employee of Phillips and in the scope of Phillips' employment.[5] The rule is well established that the drawing of inferences and conclusions from the facts, either controverted or uncontroverted, is for the jury. *Wren* v. *D. F. Jones Co.,* 210 Ark. 40, 194 S. W. 2d 896; *Morgan* v. *Norful,* 222 Ark. 645, 262 S. W. 2d 139.

In giving the instructed verdict in the case at bar, the Trial Court relied on language that we used in the case of *Phillips* v. *Toll, supra,* in which we quoted from *Warren* v. *Hale,* 203 Ark. 608, 158 S. W. 2d 51, as follows:

" 'It is generally held by the courts, including our own, that if the employer claims that an employee is an independent contractor for whose acts he is not responsible, the burden is upon him to show that fact. It was so held in *St. L. I. M. & S. Ry. Co.* v. *Davenport,* 80 Ark. 244, 96 S. W. 994 . . . In *Dishman* v. *Whitney et al.,* 121 Wash. 157, 209 Pac. 12, 29 A. L. R. 460, it was held that "Where the facts presented are as consistent with the theory of agency as with that of independent contractor, the burden is on the one asserting the independency of the contractor to show the true relation of the parties." Many other cases might be cited to the same effect. See 27 Am. Jur., p. 538, § 59.' "

The quoted language related to the burden of establishing to the jury from the evidence offered, whether the person causing the injury was an employee or

---

[5] In the case of *Weatherford* v. *George,* 229 Ark. 536, 317 S. W. 2d 147, we held that an instructed verdict was properly given where the employer had admitted that the person causing the injury was at that time and place in the *employment* of the defendant; but in the case at bar there was no such broad admission.

an independent contractor.[6] The Court in suitable language could have so instructed the jury as to that burden. It was a question for the jury under the facts in the case at bar, because there was neither an express admission, nor direct testimony as to employment. The question was to be determined by drawing inferences and conclusions from the evidence offered. In *Olin Mathieson Chemical Corp.* v. *Shirey,* 226 Ark. 530, 291 S. W. 2d 250, in discussing the matter of independent contractor as against master-servant relationship, we said:

"The rule is well established that where fair-minded men might honestly differ as to the conclusion to be drawn from facts, whether controverted or uncontroverted, the question should go to the jury. *St. L. I. M. & S. Ry. Co.* v. *Fuqua,* 114 Ark. 112, 169 S. W. 786."

In the case at bar, it was for the jury to find the facts by drawing the inferences and conclusions from the testimony; and the Trial Court erred in refusing to submit that issue to the jury.

The judgment is reversed and the cause remanded.

---

[6] In McCormick on "Evidence", Page 635, the author discusses the different uses of the word, "burden", and says: "Suppose the one who had the initial duty of offering evidence in support of the alleged fact, on pain of an adverse ruling, does produce evidence barely sufficient to satisfy that duty, so that the judge can just say, 'a reasonable jury could infer that the fact is as alleged from the circumstances proved'. If the proponent then rests what is the situation? Has the duty of going forward shifted to the adversary? Not if we define that duty (as we did before) as the liability to a peremptory adverse ruling on failing to give evidence, for if at this juncture the original proponent rests and the adversary offers no proof, the proponent will not be entitled to the direction of a verdict in his favor on the issue, but rather the court will leave the issue to the decision of the jury."