CHARLES REES, Respondent, v. LOUIS GRANDELLI, Appellant, et al., Defendants. (Action No. 1.) JOAN A. REID REES, Respondent, et al., Plaintiff, v. LOUIS GRANDELLI, Appellant, et al., Defendants. (Action No. 2) (And 2 Other Actions.) —

No opinion. Beldock, P. J., Ughetta, Brennan and Munder, JJ., concur; Hopkins, J. dissents and votes to reverse the judgments insofar as appealed from and to direct a new trial as to the causes of respondents against appellant, with the following memorandum: On December 17, 1961 at midnight, the appellant, Grandelli, was driving his automobile southerly on the Belt Parkway in Brooklyn. The roadway was slipperly from snow and sleet. An automobile driven by one Cohen skidded into Grandelli's automobile. Grandelli stopped and exchanged license information with Cohen, as indeed he was required to do by statute (Vehicle and Traffic Law, § 600). After the exchange of information, Grandelli returned to his automobile and awaited the police. In about a minute or two, Grandelli's automobile was struck in the rear by the respondent Charles Rees's automobile. Rees and his passenger, the other respondent, separately sued Grandelli for damages arising out of their injuries as a result of the collision and have recovered judgments after a consolidated jury trial. Clearly, a jury might have been justified in returning a verdict against Grandelli on the ground of his negligence in leaving his automobile on the roadway. A question of fact was presented and the jury could have decided that Grandelli did not act as a reasonable man would have done under the circumstances. Here, however, the question of fact was for all practical purposes removed from the judgment of the jury. The trial court charged that Grandelli was negligent as a matter of law because he violated section 1200 of the Vehicle and Traffic Law and left to the jury only the question whether Grandelli's negligence was a proximate cause of the injuries suffered by respondents. To this charge Grandelli's counsel excepted and he assigns it as error. In my opinion the charge was erroneous. Section 1200 provides in part that "no person shall stop, stand or park a vehicle, whether occupied or not, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control sign or signal." However, it is obvious that the statute is not inflexible, for it does not and cannot take into account the myriad situations which daily occur under modern traffic conditions. It does not, for example, speak of a disabled vehicle, or an emergency, or even of an accident, as happened here. The circumstances present at the time must be weighed

in order to determine whether the statute's command was violated. A reasonable ground for stopping accepted by the finder of the fact excuses the violation of the statute (cf. Morris, The Role of Criminal Statutes in Negligence Actions, 49 Col. L. Rev. 21, 33). It is the undoubted rule that an unexcused violation of a statute may be negligence (*Martin* v. *Herzog,* 228 N. Y. 164), but proof of the violation may be offset by a reasonable explanation dependent on the circumstances (*Tedla* v. *Ellman,* 280 N. Y. 124 [walking on the wrong side of a highway]; *Marquardt* v. *Erie R. R. Co.,* 291 N. Y. 538 [more than 3 persons in the front seat of automobile]; *Schaeffer* v. *Caldwell,* 273 App. Div. 263 [failure to keep brakes in working order]). The statutory prohibition against stopping or parking a vehicle on a highway has been treated similarly, and the question whether a violation of the statute was committed has been said to be one of fact for the decision of the jury (*Axelrod* v. *Krupinski,* 302 N. Y. 367, 370; *Mullen* v. *Fayette,* 274 App. Div. 527, affd. 300 N. Y. 501; *Eckert* v. *Farrington Co.,* 262 App. Div. 9, affd. 287 N. Y. 714; *Estes* v. *Slater,* 254 App. Div. 634, affd. 279 N. Y. 744; *Stanton* v. *Clegg,* 278 App. Div. 486, 490); and we have followed suit in our decisions (*Hertz* v. *Montlack,* 24 A D 2d 626; *Faso* v. *City of New York,* 18 A D 2d 1005). Here the proof was not so conclusive that it could be inferred without reasonable grounds to the contrary that Grandelli was guilty of a violation of the statute. An accident had occurred, the drivers had exchanged information and a period of about five minutes had elapsed between the first collision and the second collision. Whether in the interim Grandelli should have moved his automobile was, in my opinion, a question for the jury to determine upon the circumstances of the weather, the condition of the highway, the time, and the exigencies of the accident. As the jury under the charge was permitted only to consider proximate cause and not the critical issue of negligence, the verdict did not reflect a judgment of Grandelli's conduct, and therefore the verdict should be set aside.