PEARSON, Chief Judge.
The plaintiff in the trial court appeals from judgments for the two defendants entered upon orders directing verdicts. At the conclusion of all the testimony, the trial court struck a defense of contributory negligence and then directed the verdicts, thereby in effect ruling that the plaintiff had failed to establish a prima facie case of negligence.
Appellant Katz’s car was struck as it proceeded on the North-South Expressway by a car owned by appellee Farias. Farias’s car suddenly backed off the parkway portion of the expressway and onto the roadway. The engine had been started while the vehicle was unoccupied. Appellee Harrington is the owner of a towing service whose employee, Bell, was allegedly guilty of negligence in improperly starting Far-ias’s car while it was in reverse gear.
Prior to its involvement in the collision with Katz’s car, Farias’s car had been the first in a chain of three cars involved in rear end collisions on the North-South Expressway in Miami, Florida. It appeared to the officer who took charge of the situation that more than one wrecker would be needed to clear the roadway. He called for two wreckers, both owned by appellee Harrington. One was operated by Harrington’s employee, Bell. At the direction of the police officer Farias’s car was pushed onto the parkway dividing the north bound from the south bound roadway in order. to clear the road. Farias was unable to start his car. He reported this fact to the officer, who asked Bell if he would assist Farias in getting the car started. Bell was a man of limited experience, having had no mechanical training and having operated a wrecker for only two months. He entered Farias’s car, placed the gear shift lever in the park position, and attempted to start the car. Bell, too, was unable to start it. Farias then asked Bell if there was some way to get the car started. Bell took a bent screwdriver and used it to “jump-start” the car. He had “jump-started” cars on two previous occasions but was unaware that in using this procedure he by-passed safety factors which ordinarily prevent a car with automatic transmission from being started while it is in gear. When the car started, it backed onto the busy expressway and struck Katz’s car.
THE DIRECTED VERDICT FOR THE OWNER, FARIAS
Appellant, Katz, urges that the trial judge erred in entering a directed verdict for appellee Farias because, as the owner of the offending car, Farias was liable under the dangerous instrumentality doctrine. Farias contends that the court correctly determined he could not be liable under the facts of this case because his car either (1) was not being operated on the highway and therefore was not a dangerous instrumentality, or (2) was being operated by an independent contractor and he therefore was insulated from liability.
*13 We begin our resolution of these arguments by stating the following rules. An owner who leaves his car on a public street has the duty to exercise ordinary prudence to prevent a happening he may reasonably anticipate or guard against from causing the car to go into motion and inflict injury; a violation of that duty eventuating in harm will render him liable for damages. Barbanes v. Brown, 110 N.J.L. 6, 8, 163 A. 148 (1932); Hickerson v. Daskam, 313 Pa. 379, 169 A. 769 (1934); Annot. 16 A.L.R.2d 979, § 3 (1951); 10B Blashfield, Cyclopedia of Automobile law and Practice, § 1206 (1957). Whether an owner has violated the foregoing duty is a question to be determined by the jury. Square Deal Trucking Co. v. Shifflette, 75 A.2d 442; District of Columbia Municipal Court of Appeals (1950); Boyle v. McGill, 337 Ill.App. 647, 86 N.E.2d 257 (1949); Bachand v. Vidal, 328 Mass. 97, 101 N.E.2d 884 (1951); Barbanes v. Brown, above; Stanton v. Clegg, 278 App.Div. 486, 106 N.Y.S.2d 178 (1951); Hickerson v. Daskam, above; Humble Oil & Refining Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995 (1949); 10B Blashfield, § 6649.
In reviewing a judgment entered pursuant to a motion for a directed verdict, appellate courts must view the evidence and all inferences derivable therefrom in the light most favorable to the nonmoving party. See, e. g., Bittson v. Steinman, Fla.App.1968, 210 So.2d 30. It is in such . light that we view the evidence in relation to appellant, Katz. Farias was aware that his car had been damaged in the three car collision. He was aware that it did not operate properly when he was unable to start it. A jury could find that his actions in standing by without in any way directing or assisting in the starting by Bell were a negligent disregard of his duty to see that the car (a) was out of gear, (b) had the emergency brake on, (c) had an occupant to apply the foot brake or turn off the ignition in case of trouble. Having determined that Farias had the foregoing duty, we conclude that a jury could have found Farias responsible for the harm which followed the entry of his driverless vehicle onto the roadway. A discussion of whether this entry was “operation upon a highway” is not necessary. A jury could have found upon the facts that Farias through his own failure to take due care unwittingly allowed the car to be projected into the highway traffic. We therefore conclude that the trial court erred in directing a verdict for the owner of the offending car, Farias.
Farias’s alternative argument that he is insulated from liability because any harm caused by his car resulted from the improper starting of the car by Bell, who was an independent contractor (since he was the employee of Harrington, an independent contractor) relies upon decisions holding that an owner is not chargeable with the negligence of the employee of a service station or garage after the owner has delivered his car for repair work. See Petitte v. Welch, Fla.App. 1964, 167 So.2d 20; Patrick v. Faircloth Buick Co., Fla. App. 1966, 185 So.2d 522. But we cannot consider this argument at the present stage of this cause, since a jury has the duty to determine whether a person is acting as an agent or as an independent contractor. See Ward v. Atlantic Coast Line R. Co., 362 U.S. 396, 400, 80 S.Ct. 789, 4 L.Ed.2d 820, 823 (1960); Bradford Builders, Inc. v. Sears, Roebuck & Co., 270 F.2d 649, 654 (5th Cir. 1959) ; Phillips Cooperative Gin Co. v. Goshen, 230 Ark. 270, 322 S.W.2d 68 (1959) ; Crawford v. Woodrich Const. Co., 239 Minn. 12, 57 N.W.2d 648, 655-656 (1953); Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 498 (1953); Huff v. Dunaway, 63 N.M. 121, 314 P.2d 722 (1957); Gallo v. American Egg Co., 76 R.I. 450, 72 A.2d 166 (1950); 10B Blashfield, § 6641. The specific question concerning Bell’s status which a jury must answer in the present cause is whether Bell, in acceding to Farias’ request for assistance (made through the officer in charge) and in attempting to start Farias’s car by jumping a switch abandoned his role as employee of the independent contractor (appellee Har *14 rington) and became the agent solely of appellee Farias.
THE DIRECTED VERDICT FOR THE INDEPENDENT CONTRACTOR, HARRINGTON
Appellant contends that the court erred in entering a directed verdict for Harrington because Bell was guilty of active, independent negligence by (a) starting the car while the reverse gear was engaged, or (b) starting the car by the dangerous method of by-passing the safety factor without securing the emergency brake or obtaining the assistance of one of the by-standers to sit in the car to apply the foot brake or turn off the ignition in case of trouble. Appellee Harrington relies upon the rules stated in Blanford v. Nourse, Fla.App.1960, 120 So.2d 830, and Townsend v. Nelson, Fla.App.1968, 212 So.2d 899, to insulate her from liability for Bell’s acts.
In the Blanford case an officer who observed a collision arrested one of the drivers involved in the collision. The arresting officer instructed a fellow officer to drive the car of the arrested man to a police station. The driving officer placed the car in forward gear, but the car went backward and struck the plaintiff. The court affirmed a directed verdict for the owner (the arrested man) upon the ground that he had not given the officer express or implied permission to drive the car.
The Blanford holding does not control the result in the present case because it is not at all clear that Bell “jump-started” the car without Farias’s express or implied permission.
The Townsend opinion gives only the facts that the action arose from injuries sustained by the plaintiff when a car owned by his neighbor inadvertently jumped forward while the neighbor was working on the car’s starting mechanism. The court determined that a summary judgment for the defendant had been properly entered, citing Cochran v. Abercrombie, Fla.App.1960, 118 So.2d 636, 79 A.L.R.2d 986, and Pass v. Friedman, Fla.App. 1962, 140 So.2d 883. What particularly distinguishes the Cochran case from the present case is the fact that the plaintiff there was injured while he was a licensee on the defendant’s premises. The court held that under the facts of that case the plaintiff-licensee could not recover for injuries incurred on the defendant’s real property. This holding is clearly inapplicable to the present case.
Pass v. Friedman stands for the familiar proposition that a summary judgment may be entered only if there is no genuine issue of material fact. That case, too, does not govern the instant case, which clearly presents unresolved genuine issues of material fact.
A trial court should not direct a verdict unless no reasonable theory of the evidence or lawful inferences which may be drawn from the evidence would sustain the position of the non-moving party. Good v. Ozzer, Fla.App.1958, 100 So.2d 204; City of Hialeah v. Revels, Fla.App. 1960, 123 So.2d 400; Stanek v. Houston, Fla. App.1964, 165 So.2d 825; Whitman v. Red Top Sedan Service, Inc., Fla.App.1969, 218 So.2d 213; Howe v. Wellons, Fla.App. 1969, 220 So.2d 924; 10B Blashfield, § 6664. When Bell undertook to start Far-ias’s car, he acted at the suggestion of the police officer. Even if this suggestion should be raised to the status of a command under the theory that a police officer at the scene of a collision need only express a wish to be obeyed, it might reasonably be regarded as a command that Bell in attempting to start the car proceed with caution, rather than as an edict that Bell start the car no matter what the hazards were. We do not think the conclusion that Bell was relieved of responsibility can be drawn from the simple direction of the officer that Bell see if he could help Farias start his car. A jury could lawfully infer from the evidence introduced in this case *15 that Bell was in control of the car and that his acts were negligent and were the cause of the collision and that he was not working under the direction of either Farias or the officer. We therefore conclude that the court erred in entering a directed verdict for the independent contractor, Harrington. Accordingly, the judgment for appellee Farias and the judgment for ap-pellee Harrington are reversed, and the cause is remanded for trial.
Reversed and remanded.