234 So.2d 168 (1970)
Don R. MAIDEN, Jr., As the Executor of the Estate of Sara Howarth Maiden, M.D., Deceased, and Don R. Maiden, Jr., and William S. Maiden, Individually, Appellants,
v.
Catherine H. CARTER, Mary S. Howarth, Trustee of the Howarth Trust, et al., Appellees.
No. M-127.
District Court of Appeal of Florida, First District.
April 7, 1970.
Rehearing Denied May 15, 1970.
R. Diane Burlingham (Bennett), DeLand, for appellants.
*169 Sidney H. Taylor, DeLand, and W.J. Gardiner, Daytona Beach, for appellees.
WIGGINTON, Judge.
Appellants, who were third-party plaintiffs in the trial court, seek review of a final judgment dismissing with prejudice their amended third-party complaint brought against appellee, Mary S.H. Parker. The complaint was dismissed on the ground that it fails to state a cause of action.
This proceeding involves the estate of Casper Howarth who died testate in Volusia County on March 14, 1933, by whose will his wife, Mary S. Howarth, was named executrix. Surviving heirs and beneficiaries under the will of Casper Howarth were his wife and three daughters, Catherine H. Carter, Mary S.H. Jacobs, and Sara Howarth Maiden.
From the allegations of the original complaint and answer thereto filed by appellant third-party plaintiffs the following situation appears. Upon Casper Howarth's death his wife, Mary S. Howarth, qualified, was appointed, and served as executrix of his estate. She managed the estate in a careless and wasteful manner, intermingling estate funds with those of her own, dissipating the estate by improvident investments, unauthorized gifts of estate property, and making loans without security or hope of repayment. At a later period she procured a release from her three adult daughters of all claims they had against the estate on the pretext that such was necessary in order to enable her to establish a trust into which all remaining estate property would be conveyed and which trust would be managed for the benefit of and distributed to the surviving heirs at times and under terms and conditions agreeable to the beneficiaries. Such trust was ultimately formalized by the execution of a trust document. Mary S. Howarth, who was designated as trustee, continued to mismanage and dissipate the assets of the trust just as she had done while acting as executrix of the Casper Howarth estate and was continuing such course of conduct at the time this action was commenced.
The third-party complaint was brought by appellants who are the sole surviving heirs and executor of the estate of Sara Howarth Maiden, deceased, and grandsons of Casper Howarth, deceased. They joined as third-party defendant Mary S.H. Parker, the daughter of Mary S.H. Jacobs and granddaughter of Casper Howarth, deceased. The compaint alleges that at some unspecified time in the past defendant Parker received from the Casper Howarth estate an undisclosed sum or sums of money or other assets to which she was not entitled and to which she had no lawful claim. The complaint alleges the legal conclusion that although defendant Parker was not a beneficiary of the estate of Casper Howarth, nevertheless a fiduciary relationship existed between her and the plaintiffs by reason of which the defendant was legally obligated to render an accounting of the assets received by her from the Casper Howarth estate, and to pay over to the plaintiffs such portion thereof as they are entitled to as beneficiaries of the estate of Casper Howarth, deceased. The complaint contains no allegations of fact which are sufficient in law to establish a fiduciary relationship between plaintiffs and defendant other than the facts hereinabove mentioned. The complaint prays that the court enter its order requiring the defendant to furnish an accounting of all assets wrongfully received by her from the Casper Howarth estate, and to distribute to the plaintiffs such portion of such assets to which plaintiffs are lawfully entitled.
The primary question presented by this appeal is whether the trial court *170 erred in holding that the amended third-party complaint so fails to state a cause of action as to require its dismissal with prejudice. It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.[1] The amended complaint in the case sub judice alleges that defendant received assets from the Casper Howarth estate to which she had no lawful claim and to which she was not entitled. No facts are alleged from which the legal conclusion can be drawn to support the foregoing conclusions. The complaint is silent with respect to the nature or value of the assets received by defendant, the time they were received, from whom they were received, or the circumstances surrounding their receipt. In this respect the complaint is so vague, indefinite, and uncertain as to render a response thereto virtually impossible.
The prayer for an accounting appears to be premised upon the theory that a fiduciary relationship exists between plaintiffs and defendant by virtue of which defendant should be required to account for the assets of the Howarth estate received by her. Although the complaint alleges by way of legal conclusion that a fiduciary relationship exists between the parties, no facts are alleged from which the conclusion could be drawn that defendant acquired an influence over plaintiffs which she abused, or that plaintiffs reposed in defendant a confidence which she betrayed.[2] Having failed to allege ultimate facts sufficient to establish a fiduciary relationship between the parties, no proper predicate has been laid for an accounting as prayed for by the complaint.[3]
Appellants' remaining point on appeal challenges the propriety of the trial court's denial of their motion ore tenus to file a second amended third-party complaint after the court announced at the conclusion of the hearing that appellees' motion to dismiss the amended third-party complaint would be granted. Appellants contend that such denial constituted an abuse of discretion and should be reversed.
The record on appeal reveals that the original third-party complaint by appellants against appellees was filed in this cause on April 5, 1967. The amended third-party complaint, from the dismissal of which this appeal is taken, was not filed until March 17, 1969, some two years thereafter. The only discernible difference between the two complaints appears to be that in the amended complaint there is added the additional allegation that defendant occupies a fiduciary relationship with plaintiffs. Although amendments to pleadings are to be liberally allowed in order that every opportunity may be afforded the litigants to state their position so that the issues may be reached and disposed of on the merits, the matter of permitting amendments is largely discretionary with the trial court. In the case sub judice appellants had approximately two years to investigate the facts underlying their cause of action, if any they had, and to sufficiently acquaint themselves with the requirements of law necessary to properly draft a complaint which would state a cause of action. When after the expiration of two years from the filing of the original complaint appellants filed their amended complaint, the trial court had a right to assume that plaintiffs alleged in support of their cause of action all facts available to them, and that further amendment to the complaint would be *171 fruitless. At the time appellants requested permission to file a second amended complaint no such complaint was proffered nor did appellants make any representation to the court as to what additional facts known to them could be alleged in an amended pleading which would support their cause of action and render an amended complaint sufficient. Under the circumstances we are unable to hold that the trial court's action in denying appellants' unsupported and undocumented motion to file a second amended complaint constituted an abuse of discretion.
For the foregoing reasons the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Rule 1.110, R.C.P., 30 F.S.A.
[2] Quinn v. Phipps, 93 Fla. 805, 113 So. 419.
[3] Armstrong v. Piatt, (Fla.App. 1967) 201 So.2d 830; 1 Fla.Jur. 92, 93, Accounts and Accounting, § 17.