PER CURIAM.
Defendants appeal from a final judgment rendered after a jury verdict for the plaintiff.
Plaintiff, Jorgenson, sued Olin’s as the owner and Lieber as the operator of a car which allegedly had been so negligently operated, maintained or controlled by Lieber as to strike Jorgenson and cause him damages. The answer of the defendants on January 31, 1969 denied any negligence and pled contributory negligence as an affirmative defense.
On September 25, 1969 trial was held. On September 24, 1969 the defendants moved to amend their answer alleging they were unable to take the deposition of plaintiff Jorgenson “until a short time ago” because he was an out-of-state resident and that they discovered “plaintiff and defendant driver were employed by the same airline, were out on a flight, on duty with their employer when the accident occurred and the plaintiff has made a Workmen’s Compensation claim.” The record reveals plaintiff’s deposition was taken on September 9, 1969. Defendants sought to amend their answer by raising affirmative defenses against plaintiff’s claim by virtue of the Florida Workmen’s Compensation Law and the Fellow-Servant Rule. The motion to amend was denied orally at the trial and later in writing on November 3, 1969.
The defendants say the denial of the motion to amend their answer was reversible error. Without detailing a myriad of reasons we have determined from an examination of the record, answers to interrogatories, exhibits and briefs that the defendants failed to carry their burden to demonstrate the trial judge abused his discretion in denying the motion to amend. See Maiden v. Carter, Fla.App.1970, 234 So.2d 168.
Under Point Two defendants argue the trial court erred in deying their motion for a directed verdict on several different grounds.
We have held the defendants failed in their burden to demonstrate the trial judge abused his discretion in denying their motion to amend in order to raise the defenses of the Workmen’s Compensation Acts. Since the issue of whether these acts were a legal bar to plaintiff’s claim was not properly before the trial court, it was not error to deny a motion for directed verdict on those grounds.
*520 Defendants then argue the trial judge erred in denying their motion for a directed verdict because plaintiff’s claim was barred by the Florida Guest Statute and the Doctrine of Joint Enterprise as a matter of law.
The pleadings raised only the issues of simple negligence and contributory negligence the issue of the application, if any, of the Florida Guest Statute and of joint venture was never raised by any of the pleadings.
The only issue which plaintiff was required to prove insofar as liability under the pleadings was one of simple negligence. Plaintiff offered sufficient evidence on this issue to go to the jury and the jury found for him. See Franklin v. Dade County, Fla.App.1970, 230 So.2d 730; and Katz v. Harrington, Fla.App.1969, 226 So.2d 11.
“The purpose of pleadings is to present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial.” White v. Fletcher, Fla.1956, 90 So.2d 129. (Emphasis added)
The defendants never pled the Florida Guest Statute or the defense of joint venture as an affirmative defense or as an avoidance. The plaintiff had no burden under the pleadings to present any evidence on those issues and was required only to prove sufficient evidence of the defendant’s negligence to enable the case to go to a jury, which he did. Defendant did not prove either of these alleged defenses at the trial of the cause.
The record does not reveal and defendant has not shown the trial judge abused his discretion in denying the motion for a directed verdict on these issues. We do not mean that a trial judge may not rule as a matter of law that the Guest Statute or a joint venture defense argument may not be the basis of a directed verdict where it clearly appears from the evidence presented that the moving party is entitled to the directed verdict on such grounds. Here, the defendant did not plead these issues; the plaintiff did not plead them; and there was insufficient evidence and proof for the trial judge to direct a verdict on those issues as a matter of law.
The final judgment is
Affirmed.