PER CURIAM.
This appeal is from a final judgment entered upon a jury verdict. The final judgment was for the appellee hospital and against the appellant upon the hospital’s complaint and the appellant’s counterclaim. The hospital’s complaint was for claimed services rendered appellant. Appellant’s counterclaim was for alleged medical malpractice by the hospital and its agents.
The appellant presents eight points which will be discussed as presented in the brief. Appellant’s first point is:
“Whether where Appellee, JAMES ARCHER SMITH HOSPITAL, acting in conspiracy and collusion, contrives with the Court to prevent Appellant, FRANCES O. WARRINER, from adding necessary parties, as counter-defendants, is it estopped thereafter, to plea as a defense to said counterclaim, that it is not solely responsible for its wrongful acts and those of its agent, director, staff doctor and its managering director, DOCTOR ROBERT A. DOUGLAS?”
Under this point appellant urges that the trial judge committed reversible error when he denied appellant’s motion for leave to amend counterclaim and add parties. On June 20, 1961, the appellant had filed her first counterclaim. Thereafter on January 8, 1962, she filed an amended counterclaim. This amended counterclaim alleged in part:
“That on May 23, 1959, due to the fact that the said Dr. Poppe, was then out of town, a neighbor of Defendant, called his Physician, Dr. Robert Douglas, as she this defendant was then quite ill; The said Doctor suggested that it would be better for her to be in a Hospital, over night, instead, of alone in a house in the country.”
On Dec. 6, 1963, defendant moved the court for permission to file a second amended counterclaim in which she sought to include Frederick P. Poppe, M.D. and *861 Robert Douglas, M.D. as additional defendants to the counterclaim. The court denied the motion to file the second amended counterclaim as tendered but granted permission to the defendant counter-plaintiff to file an amended counterclaim against the hospital if she wished. The effect of this order was to refuse to allow defendant counter-plaintiff to broaden the scope of the counterclaim by changing the theory thereof from malpractice by the hospital to a medical conspiracy by the doctors and the hospital to injure the defendant counter-plaintiff.
The most important single fact in this situation was that the appellant instituted her claim against the hospital on June 20, 1961. She chose to conduct her own cause without legal counsel. Over two years later, she moved to try a new and different cause which would have necessitated the bringing in of new parties. Under these circumstances, we cannot say that the trial judge abused his discretion in denying the motion to further amend the counterclaim. See Olin’s Miami Rent-A-Car, Inc. v. Jorgenson, Fla.App.1970, 239 So.2d 518; Maiden v. Carter, Fla.App.1970, 234 So.2d 168; 2765 South Bayshore Drive Corp. v. Fred Howland, Inc., Fla.App.1968, 212 So.2d 911.
In her brief appellant next discusses her points on appeal numbered 7 and 8. They are as follows:
“Whether the Circuit Court was authorized under the law, to grant Appellee Hospital’s MOTION TO STRIKE, striking from the 2ND AMENDED COUNTERCLAIM, ‘each and every reference to DR. ROBERT DOUGLAS,’ who was at all times material in this cause, Chief of Staff, Director, an Agent, Employee and/or Servant of said Hospital, actively in charge and who had been a party to the wrongful, illegal acts, set forth and appearing herein?
“Whether the Circuit Court, herein, was authorized under the law, to determine on hearsay, ‘that Dr. Robert Douglas was privately employed physician of the Counter-claimant,’ which was an genuine material issue of fact, and timely demand has been made for JURY TRIAL; issue is controverted, by . Appellee’s ONLY affirmative defense?”
The order referred to in the assignment of error in support of these points is an order entered Feb. 17, 1964. It will be noted that this order is dated some three months after the order denying permission to bring Dr. Douglas in as a new party to the counterclaim. The effect of this order was simply to carry out the prior order. It will be recalled that the order denying the motion to file the tendered counterclaim had permitted a second amended counterclaim against the hospital. Appellant actually filed the tendered counterclaim with references to Dr. Douglas as “counter-defendant.” The appellant has failed to demonstrate any prejudice from the order of Feb. 17, 1964, beyond the court’s refusal to allow her to add the additional parties. The claimed error in that particular was discussed and decided adversely to appellant under the point first discussed above.
The brief next presents appellant’s point numbered 4. It is as follows:
“Whether the conduct and actions by the Circuit Court of Dade County, Florida, herein, under color of law, are consistent with the Equal Protection Clause, under the XIV Amendment of the Constitution of the United States of America?”
Appellant supports this point by reference to 34 of her 73 assignments of error. We have read the assignments listed and the argument presented. We are unable to find any support for the claimed deprivation of Federal Constitutional rights.
Appellant’s points 5 and 6, which are next argued, allege violations of the “Due *862 Process Clause” and her right to trial by jury under the United States Constitution. We hold that these points are not properly raised upon this record.
Appellant next presents her point number 3. This point is as follows:
“Whether where Court causes delay in the taking of the deposition of a Witness, and causes thereby for defendant, counter-plaintiff, to lose valuable time, anxiety, and additional work, should said party be penalized?”
This point does not present reversible error.
The last point presented is number 2. It is as follows:
“Whether where Court has been informed, apprised and notified that defendant, counter-plaintiff, FRANCES O. WARRINER, has become seriously ill, and is therefore unable to proceed, and is appearing in proper person, and has NOT rested her case as to the plaintiff’s claim or as to her counterclaim, is Court authorized or justified in allowing the case to go to the Jury for their verdicts?”
The trial in this case was finally begun on June 11, 1968, which was almost seven years after appellant filed her counterclaim. We do not say that appellant is to be charged with this delay. Such a decision is not necessary on this appeal. We set forth the fact to show the background against which the trial judge was working when the cause came to trial.
Appellant appeared and conducted her defense and the prosecution of her counterclaim against the hospital for two full days of trial. The record reveals that: (1) appellant was allowed to testify in a narrative fashion; (2) she entered and secured rulings upon numerous objections to evidence and procedure; (3) she announced that she had subpoenaed no witnesses. After the second day of trial appellant had not rested her case upon her counterclaim. On the morning of the third day she sent a message to the court' that she was ill and that her daughter was taking her to the hospital. The trial judge made inquiry and determined that she was not admitted nor had she applied for admission at the designated hospital.
The trial judge allowed the case to go to the jury without further action on the part of appellant. It is probable that a more cautious approach to the problem of a defendant counter-plaintiff who represents herself and fails to appear after two days of trial would have called for a recess in the trial. See 88 C.J.S. Trial § 45 (1955). But we are not called upon to decide this question. The question here is did the trial judge commit reversible error when he proceeded without the appellant. We think that he did not. Maistrosky v. Harvey, Fla.App.1961, 133 So.2d 103; Lightsee v. First National Bank of Melbourne, Fla.App.1961, 132 So.2d 776; Smith v. Daniel, 46 F.2d 740 (6th Cir. 1931), cert. den. 283 U.S. 852, 51 S.Ct. 651, 75 L.Ed. 1460. 17 Am.Jur.2nd Continuance § 14 (1964), annot., 67 A.L.R.2d 477 (1959). A recess was not requested and the record does not show facts which would have made the denial of a proper motion for a recess or continuance error.
Having examined the entire record presented and finding that error is not demonstrated we affirm the judgment appealed.
Affirmed.