CARROLL, Judge.
The appellee John C. Chapin filed an action in the circuit court in Dade County against the appellant Florida East Coast Railway Company for damages for personal injuries sustained in the course of his employment by the company. His action was brought under Federal Employers’ Liability Act, 45 U.S.C.A. §§ 51-60. On trial of the cause before a jury certain happenings having to do with the attitude of a member of the jury and conduct of a witness prompted plaintiff’s counsel to move under rule 1.35(a) (2), Fla.R.C.P., 30 F.S.A., for dismissal of the cause without prejudice. *108 Defendant moved that dismissal be with prejudice. The trial judge granted plaintiff’s motion, and the defendant appealed. The question presented is whether the trial judge abused discretion in dismissing without prejudice, or stated differently, whether it was abuse of discretion for the trial judge to refuse to make the dismissal one with prejudice.
The motion for dismissal was presented under circumstances which formerly might have prompted a plaintiff to take a non-suit. Recognizing that nonsuit no longer was permitted (see Crews v. Dobson, Fla. 1965, 177 So.2d 202), plaintiff’s counsel made it clear that his application was not for nonsuit but for a dismissal without prejudice under the rule, and showed willingness to proceed with the trial if the court should not grant his motion.
 The appellant argues it was error to deny defendant’s motion for dismissal with prejudice, contending the dismissal without prejudice was not an exercise of discretion because the trial judge was of the view that nonsuit was permissible, and that otherwise the trial court would have dismissed with prejudice. In support thereof the appellant refers to the colloquy between the trial judge and counsel with reference to the plaintiff’s motion. However, any uncertainty on the part of the trial judge as to the nature of the motion which the colloquy disclosed, became immaterial when the trial judge entered his order thereon which shows he treated the application as a motion for dismissal without prejudice under rule 1.35(a) (2) and recited in the order that it was made in the exercise of discretion. Also, as provided for in the rule, the dismissal order imposed conditions designed to protect defendant and its counsel from monetary loss occasioned by such dismissal without prejudice.
On considering the circumstances of the case upon which the trial court acted, we are of the opinion appellant has failed to show an abuse of discretion.
Affirmed.