SWANN, Judge.
William Ira Wellons, Jr., the defendant below, appeals an order which dismissed the plaintiffs’cause without prejudice. The plaintiffs have cross assigned as error that part of the order taxing certain costs against them as a condition of the dismissal without prejudice. The facts, essentially, are as follows.
The minor plaintiff, Howe, was injured when his motor scooter collided with a vehicle operated by the defendant. At the time of the accident, the plaintiff was carrying a passenger, James H. Valentine, on the scooter. The defendant Wellons, after making a U-turn, was hit from behind by the motor scooter operated by the *371 plaintiff. The plaintiff and his passenger filed separate law suits against the defendant. At the trial, and before any'testimony was taken, plaintiff moved for leave to offer in evidence portions of the deposition of the passenger at the time of the accident, which was taken in the case brought by the passenger. The trial court ruled that the deposition could not be used in the present action. At the conclusion of the plaintiffs case, counsel for the defendant moved for a directed verdict. During the course of the argument on this motion the trial judge indicated his concern over the question of contributory negligence. The plaintiff requested the court to allow him to take a voluntary dismissal without prejudice in order to bring in the passenger as a witness who could clear up this point. The facts indicated that the witness was out of the State of Florida and was not available because the plaintiff had anticipated using his deposition. The trial court entered a written order dismissing the cause without prejudice, from which order defendant now appeals.
The trial judge stated the reasons for granting the plaintiff’s motion to dismiss the cause without prejudice in the following excerpts:
s)c % sjt i|c sf: ij«
“THE COURT: Counsel, in light of the examination of the deposition of James H. Valentine in the case that counsel for the defendant has presented here, in consideration of the possibility that there may be something in the testimony of Mr. Valentine which would affect the matter of contributory negligence and in further consideration of the facts that there was an area of confusion about whether or not this deposition would be permitted, the Court is going to grant the motion of counsel for the plaintiff for a voluntary dismissal of this case.”
* * * * * *
“ * * * [I] might add that I do have a clear recollection of the conversations and argument of counsel from your office, not yours but other counsel from your office, and Mr. Ezzo• at the time that the matter of a deposition came up; and Mr. Ezzo was, I think, misled into a sense of security on that idea that he would be able to. use this deposition at the trial. I do-recall in the first day of the trial denying him that right.”
******
“There was a motion made on the-motion calendar of my court a week or so ago concerning the use of this deposition, and at that time the representation was made by someone from your office that they could not determine this matter until you got back, and I think the implication, the innocent implication, was that perhaps it would be-all right to use this at the trial. Then when I overruled or denied him putting it into evidence, it probably came as a surprise to counsel.
* *****
“I felt that the Court had innocently misled or lulled counsel into a sense of security on the matter of using the deposition because at the time on my motion calendar I said something to-the effect that, well when Mr. Sherouse-is here you can read the questions and Mr. Sherouse can make the objections to the individual questions which he-deems appropriate and we will rule on. them at that time, which impliedly, perhaps, created the impression that we would admit the deposition into evidence at that time. Of course, I had not heard any argument on the matters that you have raised which persuaded me to the view it should not be admitted.”
* * * * * *
We find that there has been no adequate showing of an abuse of discretion by the trial judge in the entry of the order appealed from or in the order taxing costs-against the appellee. Rule 1.35(a) (2),. Florida Rules of Civil Procedure, 30 F.S.A.
*372 In Florida East Coast Railway Company v. Chapin, Fla.App.1965, 179 So.2d 107, Judge Carroll stated the rule, approved herein, that “the dismissal order imposed conditions designed to protect defendant and its counsel from monetary loss occasioned by such dismissal without prejudice.” Such was the case here.
The orders appealed from are therefore
Affirmed.