PER CURIAM.
Plaintiffs have appealed from a directed verdict in favor of the appellee. This directed verdict was rendered at the close of all the plaintiffs’ evidence taken during the second trial between these parties, the first action having been dismissed without prejudice. See Wellons v. Howe, Fla.App. 1966, 181 So.2d 370. Although the facts of the case were generally set forth in Wel-lons v. Howe, supra, some reiteration and additional details are needed here, as the point on appeal is: whether the trial court erred, as a matter of law, in directing a verdict for the defendant at the close of all the evidence.
At 7:30 in the morning, March, 1963, Butch Howe, one of the appellants, was operating his motorscooter in an easterly direction on Carribbean Boulevard which is a two-lane street, one lane for eastbound traffic, the other for westbound. Butch was driving east, in the proper lane, at a speed of 35 to 40 miles per hour. He testified that he saw no approaching car to his front or sides as he proceeded around the curve in the roadway. The impact between Butch’s motorscooter and the appel-lee’s auto occurred about half-way around the turn. Butch lost consciousness upon impact, and his case at trial necessarily included testimony from Hal Valentine, a passenger on the scooter when the accident occurred.
*926 Valentine testified that the defendant made a U-turn across the path of the mo-torscooter, crossing over into the lane of the scooter. He also testified that there was little or no warning given that the defendant’s auto was about to cross in front of the plaintiff’s oncoming vehicle, and that Howe attempted to swerve and apply his brakes immediately prior to the collision, but that the collision was nevertheless unavoidable.
Appellants also presented testimony from a Dade County Public Safety Department Deputy who had had ten years’ experience investigating auto accidents. This officer testified that he arrived at the scene of the accident and found defendant’s auto facing in a southeasterly direction, still in the eastbound lane; the motorscooter had struck the auto near the auto’s right rear wheel, remaining locked into the auto after the collision.
The appellee himself was never called as a witness.
The court’s order directing a verdict for the defendant stated first, that plaintiff had failed to present a prima facie case of negligence for submission to a jury; and secondly, the plaintiff’s testimony showed that, as a matter of law, he was guilty of contributory negligence. After careful examination of the record, we cannot agree with the court’s appraisal of the evidence and reverse.
It is well settled that a motion for directed verdict requires the trial court to view the evidence before it in the light most favorable to the non-moving party. Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355; Brookbank v. Mathieu, Fla.App.1963, 152 So.2d 526; 21 Fla.Jur. Trial § 84. Testimony by the witness Valentine was circumstantially corroborated by testimony of the investigating officer. When viewed together with Howe’s own testimony, the effect of plaintiffs’ witnesses certainly made out a prima facie case that defendant had negligently made the U-turn which caused Howe to collide with the rear end of defendant’s auto.
As to the appellee’s contention that the court correctly viewed plaintiff’s actions as contributorily negligent, we also cannot agree. The mere fact that Howe testified that his view was never obstructed before the accident, and that he saw nothing prior to the impact, cannot, on motion for directed verdict, conclusively demonstrate contributory negligence. A driver has the right to assume that a fellow motorist operating a vehicle on an intersecting street will observe the rules of the road and exercise due care to avoid an accident, Kerr v. Caraway, Fla. 1955, 78 So.2d 571, and there is no reason why the appellant here could not have also assumed that the defendant’s car would not U-turn across his path. See Alengi v. Hartford Accident & Indemnity Company, La.App. 1936, 167 So. 130.
In summary, we cannot say that the evidence and testimony of this case, when viewed in a light most favorable to the appellants, would have precluded the jury from finding in their favor. Rather, the record demonstrates that the jury reasonably could have found that the defendant made a U-turn across Butch Howe’s path, creating such a sudden peril that the appellant could not avoid a collision.
For the reasons stated we have concluded the court erred in not submitting the issues to the jury.
Reversed and remanded for a new trial.