ERVIN, Justice
(dissenting):
Petitioner seeks a writ of certiorari to review a per curiam order of the Fourth District Court of Appeal dismissing its appeal filed February 26, 1973, from a formal order of the trial court reciting that Respondent, Bay Development Corporation, had voluntarily dismissed its lawsuit against Petitioner, and denying Petitioner’s motion for final judgment.
*314 The appealed order of the trial court reads as follows:
“Defendant’s motion [seeking summary judgment] for final judgment is denied. Plaintiff having taken a voluntary dismissal, costs are hereby assessed against the Plaintiff in the amount of $538.30 which shall be paid before any further case is filed against this Defendant.” (Emphasis added.)
As I construe the appellate jurisdictional provisions of Revised Article V of the Florida Constitution, i. e., Section 2(a); Section 3(b)(3) and Section 4(b)(3) thereof, the trial court’s denial of the Petitioner’s (defendant’s) motion for final judgment considered in connection with the lack of any order of approval of the trial court of the Respondent’s (plaintiff’s) voluntary dismissal without prejudice of its lawsuit, entitled Petitioner to a review of the trial court’s order by the District Court. A Rule of Court now numbered 1.-420(a)(1), F.R.C.P., 30 F.S.A., precludes a voluntary dismissal by plaintiff of a lawsuit after a hearing on motion for summary judgment without leave of court.
It is unnecessary to elaborate at length upon the conclusion reached herein since definitive interpretations on the issue have been rendered at the. District Court level setting forth the rationale for my conclusion. A motion for summary judgment had been heard at the time Respondent purported to voluntarily dismiss its suit. No order of the trial court was sought by Respondent allowing the dismissal of its lawsuit without prejudice. The trial court in its record proper order, which was appealed to the District Court, merely accepted the “voluntary” dismissal as if its consent were unnecessary after a hearing on defendant’s motion for summary judgment. The trial court’s action is contrary to the rationale of the rulings in Florida East Coast Railway v. Chapin (Fla.App.1965), 179 So.2d 107, and Wellons v. Howe (Fla.App.1966), 181 So.2d 370, which rulings on principle comport with the pertinent provisions of revised Article V and the rules of practice adopted in pursuance thereof.
Petitioner sought both an appeal and a writ of certiorari review of the trial court’s order. Technically speaking, it may be the appeal did not lie but at least certiorari did. Section 4(b)(3), Revised Article V, Florida Constitution. The essential requirements of law were not followed by the trial court in countenancing and accepting a voluntary dismissal of Respondent’s lawsuit without prior leave of court.
Under the circumstances here the ends of justice can best be served by a full scale review of the order of the trial court on its merits because of the improper voluntary dismissal of its lawsuit by the plaintiff without leave of the trial court. Once certiorari jurisdiction is assumed the District Court also has authority, as is the practice in this Court, but is not required, to dispose of all issues of law capable of being concluded in order that the litigation may be terminated with all convenient speed. This will permit, if deemed appropriate, a determination in this case by the District Court of the issue whether Petitioner’s motion for summary judgment was properly denied. Of course, however, it lies in the District Court’s authority to merely vacate the order appealed and remand the case to the trial court to determine if the lawsuit can under the circumstances be dismissed without prejudice.
What the majority is countenancing here is the view a plaintiff on its own volition can voluntarily dismiss its lawsuit contrary to the rules without leave of court, thus taking away from defendant consideration of its claimed ripened rights to the benefit of its motion for a summary judgment on review or its right to an early trial of the issues including its counterclaim and possible prejudice because of the delays entailed in bringing the litigation to an end. This should only have been allowed with the express consent of the trial court.
*315 Section 2(a) of Revised Article V of the Florida Constitution provides that no cause —and I think no review likewise — shall be dismissed because an improper remedy has been sought, assuming, of course, there actually exists a proper remedy of some kind available to reach the merits. -Though an appeal may have been improper, the District Court had certiorari jurisdiction in its supervisory capacity to require compliance with Rule 1.420(a)(1) of the Florida Rules of Civil Procedure, 30 F.S.A. Moreover, the rationale of the cases cited above indicates non-compliance with the rule is error and those cases create conflict with the decision of the District Court declining to review this case.