**LLOYD CITRUS TRUCKING, INC., Plaintiff,**

v.

**TREESWEET PRODUCTS, INC., Defendant.**

**No. 87–8013–CIV.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

March 10, 1987.

Harold G. Melville, Neill Griffin Jeffries & Lloyd, Ft. Pierce, Fla., for plaintiff.

Thomas M. Karr, Lawrence P. Bemis, Steel Hector & Davis, Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion for Temporary Injunction filed by plaintiff Lloyd Citrus Trucking, Inc. and the Motion to Dismiss Counts II and III of the Complaint filed by defendant Treesweet Products. This action was removed to this court upon the petition of the defendant. Jurisdiction is based upon diversity of citizenship.

Plaintiff is a supplier of citrus fruit. Defendant Treesweet processes citrus fruit into such products as chilled citrus juice, frozen concentrated citrus juice, cattle feed and citrus peel oil. The parties allegedly entered into an oral contract whereby the defendant agreed to purchase citrus fruit from the plaintiff and to make payments to the plaintiff based upon the quantity of fruit delivered.

Plaintiff delivered citrus fruit to defendant's plant, but defendant has allegedly not paid the full amount due under the contract. Plaintiff served Treesweet with a Notice of Claim of Lien under Fla.Stat. § 713.62 for the amount allegedly due under the contract. Section 713.62 provides for a lien:

> In favor of any person who shall furnish any logs, lumber, clay, sand, stone or other material whatsoever, crude or partially or wholly prepared for use, to any mill or other manufactory to be manufactured into any article of value; upon all such articles furnished and upon all articles manufactured therefrom.

Plaintiff filed a three-count complaint in state court seeking damages, injunctive relief and foreclosure of a lien on personal property. At the time this case was removed to federal court, both the motion for temporary injunction and the motion to dismiss had been argued and were pending before the Honorable Scott M. Kenney, Circuit Court Judge for the Nineteenth Judi-

cial Circuit. A transcript of that hearing was filed with this court by the plaintiff.

### I. Motion for Temporary Injunction

Plaintiff seeks a temporary injunction restraining the defendant from selling its citrus products, or in the alternative, to require that the proceeds from the sale be placed into a separate escrow account, up to the amount of plaintiff's Claim of Lien.

In order to be entitled to a temporary injunction, plaintiff must show that (1) it has a substantial likelihood of success on the merits, (2) that it will suffer irreparable harm unless the injunction issues, (3) that the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983). For the following reasons, the court concludes that plaintiff is not entitled to a temporary injunction.

■ First, there is no authority to support plaintiff's contention that citrus fruit and citrus products are "other material" or "article[s] of value" within the meaning of section 713.62. Under the doctrine of *ejusdem generis* "where general words [of a statute] follow an enumeration of things by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." *Smith v. Nussman*, 156 So.2d 680, 682 (Fla.Dist.Ct.App.1963). In this case, the words "other material whatsoever" in section 713.62 follow a list of words of particular and specific meaning, such as logs, sand, clay, lumber and stone. Fla.Stat. § 713.62. To conclude that citrus fruit and citrus products fall within the provisions of section 713.62 would unreasonably extend the meaning of that statute.

Plaintiff argues that this court may not apply any rule of statutory construction until it determines that the statute is ambiguous on its face. Plaintiff claims that the words "other material whatsoever" and "any article of value" are unambiguous and must necessarily include citrus fruit and citrus products. However, "a literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion." *Holly v. Auld*, 450 So.2d 217, 219 (Fla.1984). Consequently, the court must conclude that plaintiff's reliance on section 713.62 is misplaced.

■ Next, the court finds that the plaintiff will not suffer irreparable harm if the injunction is not issued. Plaintiff contends that it will suffer irreparable harm due to the fact that defendant does not have enough funds to satisfy its debt to plaintiff or any judgment that the plaintiff may receive against the defendant. Plaintiff's argument "confuses the issue of the ability to obtain a judgment with the question of the ability to satisfy a judgment." *Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 374 So.2d 54, 56 (Fla.Dist.Ct.App. 1979). "The inadequacy of a remedy at law to produce money is not the test" of whether an injunction should issue. *Id.*, quoting *Stewart v. Manet*, 132 Fla. 498, 181 So.2d 370, 375 (1938). Plaintiff has made no showing of irreparable harm.

For the foregoing reasons, plaintiff's Motion for Temporary Injunction must be **DENIED.**

### II. Motion to Dismiss

Defendant Treesweet has moved to dismiss Counts II and III of plaintiff's complaint upon the ground that plaintiff has failed to state a cause of action under section 713.62 of the Florida Statutes. Count II of the complaint seeks foreclosure of the lien on the citrus products produced by the defendant. Count III seeks the same injunctive relief sought in plaintiff's motion for a temporary injunction discussed at length above.

For the reasons set forth above, the court finds that Counts II and III of plaintiff's complaint fail to state a cause of

action under Fla.Stat. § 713.62. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Temporary Injunction of plaintiff Lloyd Citrus Trucking be and the same is **DENIED.**

2. The Motion to Dismiss Counts II and III of the complaint of defendant Treesweet be and the same is **GRANTED.**