FELIX MIRAGLIA, Plaintiff, *v.* ANTHONY LOIACONO et al., Defendants.

Supreme Court, Trial Term, Bronx County, February 18, 1954.

*Geo. Grabow* for plaintiff.

*H. P. Rich* and *Aaron Greengold* for Anthony Loiacono, defendant.

*R. Molloy* for Signal Indicator Corp. and another, defendants.

EVANS, J. Eighty-second Street, between Riverside Drive and West End Avenue, is an eastbound street, thirty-feet wide. On both sides of the street, cars were parked. On the south side,

closest to Riverside Drive, plaintiff, a chauffeur had his car parked, waiting to take his employer to his destination. While so waiting, he was standing in the roadway, north of his car, wiping the windows of the vehicle. At the same time, in about the same position relative to Riverside Drive, on the north side, stood a double-parked car, with a chauffeur in it, waiting to take his employer to his destination. That left a tight squeeze for any vehicle to pass. Nevertheless, a truck turned in from Riverside Drive, squeezed through, without contact with the double-parked car, but came in contact with the plaintiff, causing him serious injuries. The only question is whether the owner of the double-parked car is liable to plaintiff.

Double-parking is unlawful. But that is not decisive. It would only be decisive if it were the proximate cause of the injury. In my opinion, the double-parked car was not the proximate cause of the accident. It was but a circumstance in the accident. The proximate cause of the accident was the conduct of the truck driver, who should have stopped, when faced with the obstruction of a double-parked car on the north, and a man in the roadway on the south, so that he could not pass without contact with one or the other.

The facts here are not like those in *Lugert* v. *Cohen* (303 N. Y. 642), where unlawful parking was in fact the proximate cause of the accident.

Unlawful parking, at times, becomes a hazard to traffic and to people. When it does, and is the proximate cause of an accident. liability may result against the violator of the regulations.

But such violation does not require a holding that the unlawful parker become an outlaw on the road, in the sense that he be held liable for an accident that occurs in his mere presence at the scene. He may have caused great inconvenience to traffic, by requiring other drivers to use extraordinary care to avoid contact with his vehicle, and with people on the road. Double-parking in the city of New York should not be treated by the courts as an act of negligence per se so as to make every violator liable to any person injured, because his car was present at the scene of an accident.

Complaint dismissed. Ten days' stay; thirty days to make a case.