■ CARL JOHNSON, Respondent, v. MARY BUDINE et al., Appellants.— Appeal by defendants Budine and defendants Bard from plaintiff's judgment in a negligence action. The Bard automobile, proceeding easterly on a two-lane highway, at night, after striking the left rear corner of the Budine car, crossed the highway and collided with plaintiff's westbound automobile. By reason of a flat tire on the left rear wheel, the Budine automobile had stopped, sometime before the accident, and was standing, headed easterly, partly on the pavement and partly on the southerly shoulder. There was evidence, which the jury could find preponderant, that, in violation of section 1201 of the Vehicle and Traffic Law, the Budine car was stopped and standing in part upon the pavement, although it would have been practicable to have stopped and left the vehicle off the highway. The testimony of both interested and disinterested witnesses and impressive photographic evidence warranted a finding that there was space adequate to accommodate the car upon the shoulder, quite near the point where it was stopped, and both east and west of it, in addition to farm driveways, one nearby and another more distant; further, that the disablement was not such that it was "impossible" (in the language of the section cited) to avoid stopping the vehicle upon the pavement and leaving it there; and, finally, that negligence in failing to utilize any of the available space was a proximate cause of the accident, unaffected by any intervening cause. (*Commisso* v. *Meeker*, 8 N Y 2d 109.) The negligence of the appellants Bard is too clear to require discussion. The asserted errors in the charge, for the most part unexcepted to, were corrected, either by later statements in the main charge or by instructions charged at appellants' request; and we find that whatever slight prejudice may have theretofore existed was effectively dissipated. We find no cause for appellants' complaint as to the court's exclusion of inquiries directed to an unauthenticated deposition. Again,

appellants took no exception and while they now cite authorities outlining procedures available to a deponent with respect to an inaccurate transcript (see, e.g., *Skeaney* v. *Silver Beach Realty Corp.*, 10 A D 2d 537, and cases there cited), it was not shown that appellants initiated any procedure whereby the witness was called upon either to sign or to correct it. In any event, the deposition was not marked for identification and since it is not before us we have no means of evaluating its significance and thereby ascertaining whether any prejudice resulted from the ruling with respect to it. We find no merit in appellants' additional contentions. Judgment affirmed, with one bill of costs to respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.