Edward T. Sullivan, J.
Trial, without a jury, was held in action by plaintiff, absent owner of motor vehicle, for property damage to same, stipulated to be $368.05, resulting from collision with parked motor vehicle truck of defendant on November 26, 1965 in the City of Mechanicville, Saratoga County, New York. The collision occurred on Park Avenue at about 12:45 p.m. when one Mrs. Alice Selkis, the operator of plaintiff’s car, was driving westerly thereon. She was using the plaintiff’s vehicle for her own benefit and there was no issue of agency as to the plaintiff and its operator.
One Brian M. Burger, an employee of defendant, making deliveries, had proceeded easterly on Park Avenue. "When he found no parking space on his right side, the south side of the street, he crossed over and parked the truck on the north side of the street with its left wheels at the northerly curb-side and with the truck facing easterly, headed toward westbound traffic. It is undisputed that Park Avenue is a relatively narrow (about 30 feet wide), two-way generally east-west street, with one narrow parking lane and one narrow travel lane in each direction.
Plaintiff’s vehicle passed by most of defendant’s parked, unoccupied truck at about an undisputed 5 to 8 miles per hour, safely clearing its right front end, the right front corner and side of the 5-ton closed aluminum body, but colliding with the right rear corner. Defendant’s operator testified that the truck was about 6% feet wide at the front and that the closed 5-ton body was 8 feet wide by 14 feet long.
The negligence, if any, of plaintiff’s operator, since it would not in this state of facts be legally imputable to plaintiff, has not been considered in reaching a determination of this case. For such purposes, this court finds that the plaintiff is legally free from any contributory negligence chargeable to it. Neither *633 has the court considered the fact that the defendant’s truck was parked on its wrong side of the street, in and of itself, a proximate contributing cause of the collision, even though such act could have been the basis of a motor vehicle violation under subdivision (a) of section 1203 of the Vehicle and Traffic Law and under sections 65-16 and 65-17 of the Mechanicville ordinance.
Our law is unsettled as to whether the proof of a violation of a traffic rule, law or ordinance, is negligence per se or merely evidence of negligence. It is settled that a traffic violation, to constitute negligence as a basis for liability, must be the proximate cause of the collision in issue and the resultant injury and damages. In some circumstances, the courts have held, as a matter of law, that the traffic violation of illegal parking was not the proximate cause of the collision of the vehicles (Miller v. Sinram Marnis Oil Co., 8 Misc 2d 1041; Natell v. Taylor-Fichter Steel Constr. Co., 257 App. Div. 764, affd. 283 N. Y. 737; Miraglia v. Loiacono, 205 Misc. 232; Boronkay v. Robinson & Carpenter, 247 N. Y. 365; Tedia v. Ellman, 280 N. Y. 124), calling the act or omission a circumstance or essential condition of or for the collision, but not a cause.
In other cases and under the circumstances thereof, the courts have held that illegal parking in violation of some statute or ordinance is evidence of negligence as a question of fact, leaving it usually for the jury to determine whether or not it was a proximate contributing cause of the collision (Naeris v. New York Tel. Co., 6 A D 2d 196; Holder v. Abramson, 271 App. Div. 649; Lugert v. Cohen, 303 N. Y. 642; Vanyo v. Salisbury, 16 N Y 2d 969, affd. 23 A D 2d 804 [1965]; Johnson v. Budine, 20 A D 2d 843; Orwat v. Smetansky, 27 A D 2d 640).
None of the cases cited by the litigants nor researched by the court are exactly in point as to both the fact of the illegal parking itself and the relation of the parties to each other. Factually they contain other circumstances such as immediate prior accidents, weather condition, road conditions, and deliberate failure of the operator to use available adjacent off-highway parking space. None touch upon the manner of parking and leaving a vehicle in an on-street parking space. Some hold the injured party not to be of the class sought to be protected by the statutory regulation. None rule on the true absent-owner status of the party plaintiff. The liberalization trend indicates recovery for a negligence-free plaintiff where the illegal parking negligently obstructs the travel portion of the way. Was the defendant’s operator guilty of negligence and, if so, did it contribute as a cause of the collision?
*634 This court is of the opinion that he was and it did. The respective operators are the only material witnesses who testified. A police officer, called by defendant, arrived afterward, did not recall the position of the truck, did not recall the conversation with the two operators, did not make a book record and did not issue a summons. The latter, in itself, refutes defendant’s assertion of and reliance on the presumption that public officers do their duty. Defendant’s truck was still parked on the wrong side of the street when the officer arrived at the scene, yet no arrest was made nor was a traffic summons issued for the violation of the State statute or the city ordinance.
Plaintiff’s operator testified in effect that the truck was parked at an angle to its left curb with the rear end out 16 to 18 inches from the curb. This would place the right rear corner of the truck into plaintiff’s lane for moving traffic. Defendant’s operator testified that the left wheels of the truck were parallel to its left curb and each about 6 inches away from it.. Where two versions of an incident cannot be fitted together, the trier of the fact may accept the one which he finds more credible under the circumstances, the one which is more reasonably convincing as an expression of truth. In doing so, the principles of improbabilities and probabilities may be applied. Under the whole evidence, including the testimony by the defendant’s operator of parking the truck across on the left side of the street, the fact that he said he was 6 inches from the car parked east of him and some 3% to 4 feet from the parked car west of him to the rear of the truck, the testimony of both as to the heavy traffic in both directions and the heavy use of both parking lanes, and the testimony of both as to the manner of the occurrence of the actual contact between the two vehicles, this court finds, by a fair preponderance of the more credible evidence, that defendant’s truck was negligently parked and left with its right rear corner substantially obstructing the westbound lane for moving traffic which by the exercise of reasonable care he could and should have left clear and unobstructed; that as to the plaintiff herein under the conditions at the site and the conditions of traffic at the time of this collision, this negligence so found was a contributing proximate cause of the collision and damage to plaintiff’s motor vehicle.
Damages in the stipulated sum of $368.05 are awarded to plaintiff against the defendant, with legal interest thereon computed from November 26, 1965, and plaintiff is entitled to judgment for same, together with statutory costs and legal disbursements.