■ JOSEPH M. CASERTA, Respondent, v. SALVATORE PENNISI, Defendant, and FERDINAND ROMANUCCI et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants Romanucci and Boston appeal from an interlocutory judgment of the Supreme Court, Kings County, entered February 28, 1969 in favor of plaintiff against them on the issues of liability only, upon a jury verdict. Interlocutory judgment reversed, on the law and the facts, without costs, and complaint dismissed. Where, as here, the evidence as to the cause of the accident is undisputed, the question as to whether any act or omission by defendants was a proximate cause of the accident is for the court, not the jury (Colban v. Petterson Lighterage & Towing Corp., 19 N Y 2d 794, 796; Tsitsera v. Erie R. R. Co., 14 N Y 2d 855; Rivera v. City of New York, 11 N Y 2d 856, 857). In our opinion, the negligence of defendant Pennisi, so gross that it rendered futile all the relatively elaborate safety measures taken by the police and the passing motorist O'Connor, was the sole proximate cause of plaintiff's injury as a matter of law (cf. Segar v. Foley, 19 N Y 2d 733; Weber v. City of New York, 24 A D 2d 618, affd. 17 N Y 2d 790; Bolsenbroek v. Tully & Di Napoli, 12 A D 2d 376, affd. 10 N Y 2d 960; Gralton v. Oliver, 277 App. Div. 449, affd. 302 N. Y. 864). We also agree with appellants that there were errors in the charge, both in balance and in content, which would require a new trial if we were not dismissing the complaint (cf. Ortiz v. Kinoshita & Co., 30 A D 2d 334, 337). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.