■ SANTINA BROGAN, Appellant, et al., Plaintiff, v JOSEPH ZUMMO et al., Respondents, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiff Santina Brogan appeals from so much of a judgment of the Supreme Court, Nassau County (Niehoff, J.), entered September 30, 1981, as is in favor of defendants Joseph Zummo, Frances A. Poliseno and Anthony Poliseno, dismissing her complaint as to them. Judgment reversed insofar as appealed from, action severed as between appellant and defendants Zummo and Poliseno, and a new trial granted on the first cause of action asserted in appellant's verified amended complaint against said defendants and upon the cross claims of all the defendants, with costs to abide the event. In this negligence action to recover damages for personal injuries, etc., Santina Brogan (hereinafter plaintiff) challenges the trial court's charge to the jury. The jury exonerated defendants Zummo and Poliseno and apportioned culpability between plaintiff Santina Brogan and defendant Scott J. Smith at 90% and 10%, respectively. The action against Scott J. Smith and Lucia Smith, the owner of the motor vehicle Scott was operating at the time of the event, was thereafter settled before a trial could be held to assess damages. To the extent that the facts were not disputed in this highway obstruction case, the

record shows that sometime between 11:00 A.M. and noon on January 20, 1976 defendant Zummo slowed his motor vehicle traveling eastbound on the Fallwood Parkway in South Farmingdale when he observed the vehicle in front of him skid into a parked car in a narrow parking lane about 25 to 35 feet from the parkway's four-way stop intersection with Woodward Parkway. A few seconds later his vehicle, which was stopped a few feet from the accident, was itself struck in the rear by a motor vehicle operated by defendant Frances A. Poliseno and the impact pushed his own vehicle two to two and one-half feet forward. Neither his nor the Poliseno vehicle was disabled by this collision. Zummo immediately left his vehicle to exchange information with Poliseno and shortly thereafter plaintiff Santina Brogan came up to them from her house across the parkway to inquire if anyone had been hurt. Plaintiff offered the parties the use of her home pending arrival of the police, who had been summoned. She then decided to inspect the damage to the rear of Zummo's vehicle and, five to seven minutes after her arrival on the scene, she stepped between the Zummo and Poliseno vehicles to do so. She was injured almost immediately when another vehicle, operated by defendant Scott J. Smith, rear-ended the Poliseno vehicle and propelled it forward six or seven inches. Of pertinence to this appeal is the conflicting testimony regarding driving conditions. Zummo testified that it had begun snowing lightly some time earlier that morning, that a light snow covered portions of the ground, making the roadway slippery, and that visibility was clear for 200 feet, or two blocks. Frances Poliseno, who was a friend of plaintiffs, testified that the snowfall was light, the roadway was slippery and the visibility of 100 to 150 feet or a block or two was sufficient for her to observe, through Zummo's windshield, the initial accident involving the parked car. Smith, who was 16 years old at the time of the accident and was driving to high school with a friend, testified that visibility had been "very poor". According to him, the snow accumulation had made maneuvering difficult, at least in stretches of the roadway other than the portion of the parkway in question, and he noted that the parkway declined toward the intersection at the point of the accident. Plaintiff testified that there had been no problem with visibility that day, that she was able to see two and one-half to three blocks, or some 600 to 800 feet, and that she saw the accident from her kitchen window across the street. She said it had not been snowing hard, that only a "light dusting" of snow had made the road wet and slippery without covering the blacktop, and that traffic was light. Zummo testified that he had had no problem stopping his vehicle on the pavement, having coasted before braking without any skidding, but Frances Poliseno said that she had seen Zummo's vehicle skid slightly to the right and she herself skidded in his tracks while slowing down for the stop sign. Both conceded that they did not turn on their warning lights or pull their vehicles into the parking lane. Frances Poliseno admitted that no parked cars blocked her and plaintiff testified that there was sufficient room for both drivers to have moved over. Zummo, however, testified that he did not have sufficient room to make the necessary maneuver. Scott J. Smith testified that he was traveling at 20 miles per hour when he first became aware of the stationary vehicles in his lane of travel some 75 feet in front of him, although he said visibility was twice that distance. He suggested that his failure to notice the highway obstruction earlier was attributable to the possible existence of another motor vehicle in his lane that had blocked his view temporarily. His reaction was to remain in his lane and coast almost to a stop before applying his brakes when he was approximately 15 feet from the rearmost vehicle. He was not anticipating a problem in stopping, but when he braked he began to skid forward and struck the rearmost (Poliseno) vehicle. He testified that he had done all he could to avoid the accident in what he described as a traffic-congested area. Neverthe-

less, when invited to testify as to how the stationary vehicles had impaired traffic, Smith said the obstruction caused traffic to slow and specified that traffic continued to flow both westbound towards him and eastbound in his direction of travel. However, he described the eastbound traffic as limited to vehicles *behind* him and vehicles ahead of him on the *other side* of the intersection. His own trial counsel elicited a more general description of eastbound traffic "passing" him in the left lane at the time he began skidding while a parked car blocked him on his right, and on summation argued that at the point Smith began skidding, his vehicle was blocked on the left and right so as to leave him with no alternative but to continue forward. Zummo, Poliseno and plaintiff testified that other vehicles in their lane of traffic had continued to pass the stationary vehicles by moving into the adjacent eastbound traffic lane. Trial Term instructed the jury that subdivision (e) of section 1163 of the Vehicle and Traffic Law requires the driver of a vehicle equipped with warning signals to use them when stopped on a public highway except when stopped pursuant to a traffic control device or when lawfully parked, and it charged that a violation of this section constituted negligence. But the court declined to charge subdivision (a) of section 1203 of the same statute, which, in substance, requires that every vehicle stopped, standing or parked wholly upon a two-way roadway be removed as far as possible to the far right side of such roadway, and it declined to instruct the jury that a violation of this section would constitute negligence. Instead, the court ruled that the jury would determine if the facts in this case required Zummo and Frances Poliseno to move their vehicles after their accident, and charged that they were under a general duty "to obviate as far as practicable any reasonably foreseeable danger which might result from the presence of their stationary motor vehicles". The court further refused to submit separate interrogatories on the issue of proximate cause, and instead framed negligence and proximate cause in the conjunctive, asking the jury to determine, for example: "Has the plaintiff * * * proved * * * that the defendant Joseph Zummo was negligent on January 20, 1976, and that said negligence was a proximate cause of the accident?" The court also refused to charge the jury concerning the theory that danger invites rescue. After one and one-half hours of deliberation, the jury found, by a vote of 5 to 1, that Scott J. Smith was proximately negligent and unanimously absolved Zummo and Frances Poliseno of any culpability. By a vote of 5 to 1, it apportioned culpability between plaintiff and Scott J. Smith at 90% and 10%, respectively. The judgment must be reversed and a new trial granted to establish the culpability, if any, of all the parties. Trial Term, on these facts, properly declined to charge that danger invites rescue but incorrectly refused to charge that a violation of subdivision (a) of section 1203 of the Vehicle and Traffic Law constituted negligence. Since the applicable statute imposes a duty of care, a violation of that duty constitutes negligence as a matter of law (see *Rees v Grandelli*, 28 AD2d 565, affd 21 NY2d 946; cf. *Green v Downs*, 27 NY2d 205, 207; *Tedla v Ellman*, 280 NY 124, 130-131; *Martin v Herzog*, 228 NY 164, 168). The issue of proximate cause is separate and distinct from the issue of negligence, however (see *Sheehan v City of New York*, 40 NY2d 496; *Darling v State of New York*, 16 NY2d 907; *Vanyo v Salisbury*, 16 NY2d 969; *Piarulli v Lason*, 35 AD2d 605; *Ortiz v Kinoshita & Co.*, 30 AD2d 334; *O'Neill v Hamill*, 22 AD2d 691; *Johnson v Budine*, 20 AD2d 843; *Latham Motors v Blackmer & Sons*, 56 Misc 2d 631; *Miraglia v Loiacono*, 205 Misc 232, 233). Given the conflicting testimony here regarding driving conditions and the traffic pattern, Trial Term properly submitted the issue of proximate cause to the jury for resolution (see *Caserta v Pennisi*, 33 AD2d 564, affd 30 NY2d 682; *Stanton v Clegg*, 278 App Div 486, 491; *Gralton v Oliver*, 277 App Div 449, 454,

536

affd 302 NY 864). But, in light of the jury's negative answer to interrogatories with respect to defendants Zummo and Frances Poliseno, which framed the issues of negligence and proximate cause conjunctively, this court cannot discover whether the verdict exonerating those defendants reflected a finding of a lack of negligence or proximate cause or both. The possibility that the verdict turned on a failure to find them negligent in failing to move their vehicles into the parking lane cannot be ignored and hence requires a new trial (see *Caceres v New York City Health & Hosps. Corp.*, 74 AD2d 619). Further, the possibility that defendants Zummo or Frances Poliseno might be found guilty of culpable conduct on retrial would necessarily require a reapportionment of culpability between plaintiff and defendant Scott J. Smith. Therefore, the issue of the culpability of all parties must be resolved by the jury at the new trial. Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.