■ Ivan John M., Appellant, v Catholic Home Bureau, Respondent.—Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 9, 1989, dismissing the complaint upon the merits after a jury verdict in favor of defendant, unanimously affirmed, without costs.

This action, commenced in May 1986, seeks damages for physical and mental abuse allegedly suffered by the infant plaintiff as a result of defendant foster care agency's negligent supervision of his placement in three foster homes, beginning in December 1974 and ending in November 1980, when plaintiff was discharged to the custody of his natural father. Trial was held in November 1988. Plaintiff testified that he was constantly abused physically in each of the three foster homes where he lived over this six-year period, that several of these incidents were reported to one of defendant's employees, but that defendant took no corrective action. A caseworker with defendant testified that she became aware of allegations of physical abuse made by plaintiff and his sister in July 1980, but that she did not inform the Department of Social Services since the children later admitted that the allegations had been fabricated. The jury returned a verdict in favor of defendant, concluding that plaintiff had not been abused or neglected while in the foster care of any of the three homes.

On appeal, plaintiff contends that the trial court should have directed a verdict based on the admission of defendant's caseworker that she failed to comply with New York Social Services Law § 413. In fact, the caseworker testified that there was no case of suspected child abuse to be reported pursuant to that statute, the children having admitted that they fabricated the charges. Thus, plaintiff's contention that the caseworker admitted that defendant had failed to comply with Social Services Law § 413 is incorrect and cannot provide a basis for a directed verdict.

Plaintiff next argues, in the alternative, that the trial court should have charged the jury with respect to the requirements of Social Services Law § 413 and the legal consequences of a failure to comply therewith. Although the trial court should have charged the jury that a failure by defendant to report an instance of suspected child abuse, as required by Social Services Law § 413, would constitute negligence as a matter of law (see, Brogan v Zummo, 92 AD2d 533, 535), the court's charge did address the concerns of the statute by clearly

instructing the jury that defendant would be liable under a negligence theory if the evidence established that it had notice of the abuse, that it failed to take reasonable steps to stop the abuse and that plaintiff was subsequently abused. Since charging the jury with respect to the consequences of failing to comply with the statute would have been redundant, the refusal to do so was not reversible error.

Finally, plaintiff contends that certain comments made to the jury by defense counsel were inflammatory and prejudicial, requiring a reversal of the judgment in the interest of justice,. We have considered these claims and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.