■ EVERETT G. CALLIHAN et al., Appellants, v JERRY C. MOORE, Respondent, et al., Defendants.—Yesawich Jr., J. P. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered September 13, 1991 in Chemung County, which granted defendant Jerry C. Moore's motion for summary judgment dismissing the complaint against him, and (2) from the judgment entered thereon.

Just before dawn on October 18, 1989, defendant Jerry C. Moore (hereinafter defendant) was driving in the right-hand southbound lane of State Route 14 in the Town of Horseheads, Chemung County, when his van "sputtered" and stalled. Defendant, with gas can in hand, and his daughter, a passenger, left the vehicle and began walking to seek help. Shortly thereafter, plaintiff Everett G. Callihan (hereinafter plaintiff), also traveling southbound, who had just passed four vehicles and was proceeding from the passing lane into the driving

lane, struck the van on the left rear corner, sustaining injuries as a result. Proof submitted on plaintiff's behalf indicates that when the accident occurred the van was parked approximately two feet from the curb on the west side of the roadway.

Plaintiff and his wife, derivatively, commenced this negligence action. Issue was joined and defendant successfully moved for summary judgment; it is claimed. that plaintiff alone was at fault for failing to see defendant's vehicle. We reverse.

Given that discovery has not yet been had and we are unable on the record as constituted to conclude that plaintiff's case is wholly without merit as a matter of law, summary judgment is inappropriate. Initially, we note that an unexcused violation of the Vehicle and Traffic Law constitutes some evidence of negligence (see, Ferrer v Harris, 55 NY2d 285, 293, mod on other grounds 56 NY2d 737), and that plaintiff maintains that defendant violated two provisions of that law, namely, section 1201 (a), which forbids stopping or parking a vehicle on a public highway when it is practicable to do otherwise (see, Quiquin v Fitzgerald, 146 AD2d 894, 896-897), and section 1203 (a), which requires such a stopped vehicle to be placed as far to the right side of the roadway as possible (see, Brogan v Zummo, 92 AD2d 533, 535). Whether it was "practicable" for defendant to avoid leaving his vehicle on the road, and whether it was as far to the right as possible, are factual questions. There is evidence that defendant had some advance warning that his van was going to stall, that he may have had an opportunity to pull into a driveway or otherwise off the road before it did so, or to bring the van closer to the curb before parking. Moreover, defendant and his passenger may have been able to push the van, which had been left standing on a downward southerly incline, off the road (see also, Johnson v Budine, 20 AD2d 843).

At issue also is whether defendant is liable for ordinary negligence. In view of the attendant circumstances, the appropriateness of stopping where he did is a question for the trier of fact, as is the reasonableness of defendant's actions taken to mitigate the danger of leaving a vehicle in the road.

Nor can it be said, as a matter of law, that plaintiff's failure to see the van constitutes an intervening act which was the sole proximate cause of the accident. To break the chain of causation, such an act must be "extraordinary under the circumstances" and not foreseeable (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see, O'Connor v Pecoraro, 141 AD2d

443, 445-446). Whether plaintiff's failure to observe defendant's stopped vehicle was indeed such an act is for the trier of fact to decide.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, and motion denied.