■ CARLOS CRUZ et al., Respondents, v MANOR ENERGY INC., Appellant, et al., Defendant. (And a Third-Party Action.) [758 NYS2d 331] —Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J., and a jury), entered on or about September 13, 2001, in an action for personal injuries sustained when the bus on which plaintiff was a passenger collided with a parked truck owned by defendant, insofar as appealed from as limited by the briefs, apportioning liability 35% against defendant and 65% against third-party defendant Transit Authority, and awarding

damages to plaintiff and his wife against defendant, unanimously affirmed, without costs.

Plaintiffs set forth a prima facie case on the issue of proximate cause, the evidence was legally sufficient to support the verdict, and the verdict was not against the weight of the evidence. Defendant offered no evidence to refute plaintiffs' proof that its oil truck was parked at least 2½ feet away from the curb, a clear violation of the 12-inch maximum allowed by Vehicle and Traffic Law § 1203 constituting proof of negligence and raising an issue of proximate cause for the jury (*see Ferguson v Gassman*, 229 AD2d 464 [1996]). Other evidence showed that the negligently parked truck impinged on the travel portion of the road. The width of the truck, the width of the bus, and the distance of the truck from the curb took up almost 20 feet of the 24 foot, 9 inch lane, leaving limited room for the bus to maneuver. Expert testimony showed that if the truck had been parked 12 inches from the curb, there would have been only a "sideswipe" contact with little or no damage to the bus. Such evidence provided a plainly valid line of reasoning permitting the conclusion that the nature and extent of the accident, and thus the physical impact on the occupants of the bus, were directly affected by the fact that the truck was parked beyond the 12-inch limit. We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.