Garry, J.
Appeal from an order of the County Court of Broome County (Smith, J.), entered October 4, 2011, which affirmed a judgment of the Binghamton City Court in favor of plaintiff Brenda Rowe.
In July 2010, plaintiffs commenced a small claims action in Binghamton City Court, alleging that defendant converted a diamond ring owned by plaintiff Brenda Rowe (hereinafter plaintiff) during an appraisal and sale of several pieces of her jewelry. Plaintiff prevailed following trial in September 2010 and was awarded damages in the sum of $5,000 plus filing fees. County Court affirmed the judgment upon the initial appeal. Defendant appeals.
Appellate review of small claims is limited to determining whether “substantial justice has not been done between the parties according to the rules and principles of substantive law” (UCCA 1807; accord Sten v Desrocher, 8 AD3d 915, 915 [2004]); only a clearly erroneous determination will be overturned (see Pierce v Pastorello, 255 AD2d 622, 622 [1998]; Moses v Randolph, 236 AD2d 706, 707 [1997]). Here, a credibility determination was required, and City Court chose to credit plaintiffs testimony regarding the events at defendant’s premises over the testimony of two employees of defendant. We agree with County Court that the determination that plaintiffs ring was converted was not clearly erroneous, and that substantial justice was done.
Further, as to the issue of damages, we note that although small claims matters are not bound by the rules of evidence, a determination may not be based solely on hearsay (see UCCA 1804; Levins v Bucholtz, 2 AD2d 351, 351-352 [1956]). Here, plaintiff described the size and condition of the ring in her testimony, and also submitted a “lost ring appraisal” performed by a jeweler, stating a value of $8,600. Although this appraisal, based solely upon plaintiffs description of the ring, was hearsay (see Hickey v T & E Serv. Sta., 12 Misc 3d 133[A], 2006 NY Slip Op 51183[U], *1 [App Term 2006]), plaintiffs trial testimony presented some measure of competent evidence of the amount of damages, as she described the quality and condition of the ring (see Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U], *1-2 [App Term 2011]; Slepoy v Kliger, 26 Misc 3d 126[A], 2009 NY Slip Op 52603[U], *3 [App Term 2009]; see also Carlino v Darrigo, 38 Misc 3d 131[A], 2012 NY Slip Op 52418[U], *1 [App Term 2012]). We further recog *1092 nize that it is not always possible to prove damages with certainty upon a conversion claim, as the property is unavailable to the claimant (see Ahles v Aztec Enters., 120 AD2d 903, 905 [1986], lv denied 68 NY2d 611 [1986]). Upon review, it appears that City Court accepted plaintiffs description and, accordingly, rendered judgment for the maximum award authorized by statute (see UCCA 1801). We agree with County Court that the proof was sufficient to pose issues of credibility, and the determination was not clearly erroneous.
Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.