■ Leslie J. Svensson, Respondent, v Foundation for Long Term Care, Inc., Appellant. [34 NYS3d 230]—

Garry, J. Appeals (1) from an order of the County Court of Albany County (Lynch, J.), entered October 15, 2014, which reversed a judgment of the Albany City Court in favor of defendant, and (2) from the judgment entered thereon.

In 2008, defendant hired plaintiff to visit nursing homes and collect data for a grant-funded project. The contract provided for a term of employment from August 2008 to December 2010; the parties subsequently agreed to extend the term until August 2011. The written contract provided that defendant was to pay plaintiff a set sum per day, up to a specified maximum number of days or compensation limit, and that plaintiff was required to submit invoices documenting her time to receive compensation. In March 2012, plaintiff submitted a final invoice that defendant refused to pay on the ground that the grant funding had closed in December 2011. Plaintiff thereafter commenced this small claims action in Albany City Court, seeking the statutory limit of $5,000 in damages. City Court ruled in favor of defendant and denied plaintiff's claim. Upon plaintiff's appeal, County Court reversed. Defendant now appeals, and we affirm.

Appellate review of small claims matters is limited to a determination of whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see Kelsey v McNally, 77 AD3d 1230, 1231 [2010], lv dismissed 16 NY3d 853 [2011]). In applying this standard, "only a clearly erroneous determination will be overturned" (Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]; see Stein v Anderson, 123 AD3d 1322, 1322 [2014]). As relevant to this claim, "[t]o interpret a contract, the reviewing court must confine itself to the four corners of the document and only consider extrinsic proof if the contract is ambiguous; if the contract is not ambiguous, it must be enforced according to the plain meaning of its terms" (Mid-State Indus., Ltd. v State of New York, 117 AD3d 1255, 1256 [2014]; see generally Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist., 108 AD3d 835, 836 [2013], lv denied 22 NY3d 859 [2014]).

City Court, in rendering its decision, stated that plaintiff

waited "too long" to submit the invoices "subject to the terms and conditions of [the] grant." However, the sole provision within the parties' contract establishing their respective duties relative to the timing of compensation states: "Request for reimbursement of project related expenses must be received by [defendant] no later than ten (10) days after the end of each quarter. If a request for payment arrives after this time, [defendant] reserves the right to withhold payment until the following quarter."

County Court properly determined that this dispute is governed by the unambiguous terms of the parties' contract. Plaintiff's entitlement to compensation under the terms of the employment agreement was not conditioned upon the availability of grant monies. The plain and unambiguous language of the contract—while establishing defendant's right to defer payment of late invoices to the next quarter—did not relieve defendant of the obligation to pay. Accordingly, City Court's decision to the contrary was clearly erroneous, and reversal was required (*see North40RE Realty v Bishop*, 2 AD3d 1184, 1184-1185 [2003]; *compare Yanni v Beck*, 138 AD3d 1365, 1366 [2016]; *Mullen v Lockwood*, 129 AD3d 1269, 1270-1271 [2015], *lv dismissed* 26 NY3d 992 [2015]).

Lahtinen, J.P., McCarthy, Rose and Aarons, JJ., concur. Ordered that the order and judgment are affirmed, without costs.