■ GARY PALMER, Appellant, v BRUCE SMIROLDO, Respondent. [59 NYS3d 868]—

Lynch, J. Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered January 7, 2016, which affirmed a judgment of the Justice Court of the Town of Halfmoon in favor of defendant.

On the evening of February 2, 2015, following an all day snow storm, defendant was clearing snow from the driveways of his customers on Lexington Court, a residential street in the form of a cul-de-sac, in the Town of Clifton Park, Saratoga County. Defendant parked his truck and trailer on the left side of the round cul-de-sac, at an angle diagonally across the circular roadway with the left rear of the trailer at least six feet from the left edge of the roadway. When defendant lowered the rear of his trailer to unload the snow blower, a thick steel bracket, welded to the right side of the ramp, extended into the roadway. When plaintiff attempted to drive through a narrow open space on the roadway bracketed on the left by a trash container and on the right by the right rear corner of defendant's trailer, the steel bracket perforated plaintiff's right rear tire and wheel cover.

Plaintiff commenced this small claims action seeking dam-

ages in the sum of $202. Following a hearing, the Justice Court ruled in favor of defendant. Upon plaintiff's appeal, County Court affirmed. Plaintiff appeals, and we affirm.

Appellate review of small claims matters is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807), and "only a clearly erroneous determination will be overturned" (*Svensson v Foundation for Long Term Care, Inc.*, 140 AD3d 1385, 1385 [2016] [internal quotation marks and citation omitted]; *see Skinner v Crandall*, 140 AD3d 1215, 1215 [2016]). Plaintiff argues that he was denied substantial justice because the evidence presented at the hearing established that defendant violated Vehicle and Traffic Law § 1203 (a) by parking his truck and trailer "more than [6] feet from the left edge of the roadway rather than the [12-] inch limit imposed by the statute" and that this violation proximately caused plaintiff's damages.

It is well settled that "an unexcused violation of the Vehicle and Traffic Law constitutes some evidence of negligence" (*Callihan v Moore*, 188 AD2d 714, 715 [1992]; *see Shaw v Rosha Enters., Inc.*, 129 AD3d 1574, 1576 [2015]). Vehicle and Traffic Law § 1203 (a) provides that, "[e]xcept where angle parking is authorized, every vehicle stopped, standing, or parked wholly upon a two-way roadway shall be so stopped, standing, or parked with the right-hand wheels of such vehicle parallel to and within [12] inches of the right-hand curb or edge of the roadway." This section has been interpreted as requiring that a stopped vehicle be parked "as far to the right side of the roadway as possible" (*Callihan v Moore*, 188 AD2d at 715; *see Brogan v Zummo*, 92 AD2d 533, 535 [1983]).

Defendant testified that, on the night in question, there was "so much snow [that] winter that there wasn't really a lot of room to get right up on top of the round cul-de-sac"—where he should have normally parked—and, therefore, he parked "as far as [he] could" in relation to the right curb. He further testified that plaintiff "had plenty of room to get around the other side" but instead chose "to squeeze in" between defendant's trailer and the trash containers of one of his neighbors. Given the conflicting testimony regarding the road conditions and what the parties could or could not do, we cannot conclude that the determination in question was clearly erroneous (*see generally Callihan v Moore*, 188 AD2d at 715-716; *Brogan v Zummo*, 92 AD2d at 535; *cf. Cruz v Manor Energy*, 304 AD2d 495, 496 [2003], *lv denied* 100 NY2d 512 [2003]; *Latham Motors v Blackmer & Sons*, 56 Misc 2d 631, 633-634 [Saratoga County Ct 1968]).

McCarthy, J.P., Devine, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.