Bet v Geriak (2023 NY Slip Op 06291)

Bet v Geriak

2023 NY Slip Op 06291

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

535970
[*1]Silvio Bet, Appellant,
v
Wayne Geriak et al., Respondents.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Law Office of Laura E. Ayers, Esq., Delanson (Laura E. Ayers of counsel), for appellant.
Abdella & Sise, LLP, Gloversville (Joseph M. Sise of counsel), for respondents.

Pritzker, J.
Appeal from an order of the County Court of Hamilton County (Tatiana N. Coffinger, J.), entered July 21, 2022, which affirmed a judgment of the Justice Court of the Town of Lake Pleasant in favor of defendants.
Plaintiff commenced this small claims action seeking $112.50 each from defendant Wayne Geriak and defendant Elizabeth Manning as their pro rata shares of a $450 plowing expense for a shared private roadway (hereinafter the driveway).[FN1] After a trial, the Justice Court of the Town of Lake Pleasant (Purdy, J.) found in favor of defendants because there was no prior agreement between the parties to share plowing costs for the driveway. Upon plaintiff's appeal, and following briefing and oral argument, County Court affirmed. Plaintiff appeals, and we affirm.
"Appellate review of small claims matters is limited to determining whether 'substantial justice has been done between the parties according to the rules and principles of substantive law' " (Palmer v Smiroldo, 153 AD3d 1101, 1102 [3d Dept 2017] [ellipsis omitted], quoting UCCA 1807; see UJCA 1807; Sten v Desrocher, 8 AD3d 915, 915 [3d Dept 2004]). "[O]nly a clearly erroneous determination will be overturned" (Svensson v Foundation for Long Term Care, Inc., 140 AD3d 1385, 1385 [3d Dept 2016] [internal quotation marks and citation omitted]; accord Palmer v Smiroldo, 153 AD3d at 1102).
Although "[t]he general rule is that, absent an express agreement, all persons benefited by an easement must share ratably in the cost of maintenance and repair" (Green Harbour Homeowners' Assn. v G.H. Dev. & Constr., 307 AD2d 465, 466-467 [3d Dept 2003] [internal quotation marks and citation omitted], lv dismissed 100 NY2d 640 [2003]; see Raksin v Crown-Kingston Realty Assoc., 254 AD2d 472, 473 [2d Dept 1998], lv denied 94 NY2d 751 [1999]), the snow plowing done here cannot be characterized as maintenance or repair. During testimony before Town Court, plaintiff testified that he purchased his property in 2012 and thereafter built a four-bedroom, two-bathroom home, which has a furnace and is used for all four seasons. Plaintiff testified that he reached out to defendants to inform them that he would be hiring a contractor to plow the driveway during the 2020/2021 winter season. Defendants responded that the contractor doing the plowing should be insured but did not explicitly agree to contribute toward the cost. Plaintiff thereafter hired a contractor who plowed the driveway six times, for a total bill of $450.
Further testimony demonstrated that, on defendants' properties, they have "camps," which are not used in the winter months. In fact, testimony established that the power and water to the camps are turned off during the winter months and that the camps do not have heat. Manning's husband testified that he and Manning had owned the camp for 19 years and that they had never gone to the camp during the winter months. Geriak testified that his camp had been in his family since 1960 and has never been used [*2]during the winter months and he has no intention to use it during all four seasons. He also testified that he has gone up in the past once or twice a season to check on the camp and make sure "that the snow load didn't crush the roof," but that he walked in and then used his snowmobile. Geriak also explained that plaintiff's contractor, who did the plowing, blocked Geriak's camp with a large snowbank and Geriak had to use a tractor with a snow blower attachment to get through. Given the foregoing testimony, it was established that defendants do not benefit from the driveway being plowed in the winter inasmuch as they do not traditionally access their camps using the driveway in the winter months and the evidence demonstrated that they had not explicitly agreed to contribute to the plowing. In essence, plaintiff is seeking to create an expanded four-season easement which benefits only himself. Therefore, Town Court's decision declining to order defendants to share in the snow plowing costs is not "clearly erroneous" (Svensson v Foundation for Long Term Care, Inc., 140 AD3d at 1385 [internal quotation marks and citation omitted]; see Palmer v Smiroldo, 153 AD3d at 1102). Accordingly, substantial justice has been done and County Court properly affirmed the judgment of Town Court in favor of defendants. We have reviewed plaintiff's remaining contentions and find them to be without merit.
Garry, P.J., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's deed contains a grant of a general right-of-way over the driveway, with no restrictions or qualifications.