Murray v Bickerton (2024 NY Slip Op 01597)

Murray v Bickerton

2024 NY Slip Op 01597

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-0896
[*1]Patrick Murray et al., Plaintiffs,
v
Dianne Bickerton, Appellant.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Dianne Bickerton, Preble, appellant pro se.

Clark, J.P.
Appeal from an order of the County Court of Cortland County (David C. Alexander, J.), entered May 4, 2023, which affirmed a judgment of the City Court of the City of Cortland in favor of plaintiffs.
Plaintiffs commenced this small claims action seeking $5,000 from defendant in payment for electrical services rendered as part of the construction of defendant's pool. Defendant opposed and filed a counterclaim, asserting that plaintiffs failed to have the work performed properly inspected and that she was owed $3,000 for costs incurred to remedy this failure. Following trial, City Court (Knickerbocker, J.) awarded $5,000 to plaintiffs on their claim and $1,000 to defendant on her counterclaim, resulting in a net award of $4,000 to plaintiffs. Upon defendant's appeal, County Court affirmed, prompting defendant's appeal to this Court.
We affirm. "Appellate review of small claims matters is limited to a determination of whether 'substantial justice has not been done between the parties according to the rules and principles of substantive law' " (Svensson v Foundation for Long Term Care, Inc., 140 AD3d 1385, 1385 [3d Dept 2016], quoting UCCA 1807; see Palmer v Smiroldo, 153 AD3d 1101, 1102 [3d Dept 2017]). "In applying this standard, only a clearly erroneous determination will be overturned" (Svensson v Foundation for Long Term Care, Inc., 140 AD3d at 1385 [internal quotation marks and citations omitted]; see Pugliatti v Riccio, 130 AD3d 1420, 1421 [3d Dept 2015]). Pertinent here, even in the absence of an enforceable written home improvement contract (see General Business Law § 771), a contractor may nevertheless seek to recover based upon the equitable theory of quantum meruit by demonstrating the "(1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered" (Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1324 [3d Dept 2019] [internal quotation marks and citations omitted]; see Jaeger v Bellavia, 172 AD3d 1501, 1501-1502 [3d Dept 2019]).
Despite uncontroverted record evidence demonstrating plaintiffs' failure to execute a written home improvement contract in compliance with General Business Law § 771, the trial testimony and supporting documentation reflect that defendant hired plaintiffs to perform electrical services integral to the construction of a pool on her property, and that work was performed pursuant to that request. "In a small claims action, the reasonable value of services . . . may be established by 'an itemized bill or invoice, receipted or marked paid' " (Skinner v Crandall, 140 AD3d 1215, 1216 [3d Dept 2016] [brackets omitted], quoting UCCA 1804). In finding in favor of plaintiffs, City Court relied upon plaintiffs' submission of several itemized invoices, as well as photographic evidence of the work performed and the respective testimony of multiple witnesses concerning applicable labor rates [*2]and the cost of materials. Nevertheless, in consideration of the undisputed evidence of plaintiffs' premature approval of the necessary inspection of certain aspects of the electrical component of the project, resulting in defendant incurring costs to remedy that failure, defendant was awarded $1,000 in damages. Defendant's unsupported assertion that the parties had initially verbally agreed upon an estimate of $2,300 for plaintiffs' services merely presented a credibility issue for the court to resolve (see Stein v Anderson, 123 AD3d 1322, 1323 [3d Dept 2014]). Notably, the record reflects that defendant paid plaintiffs $1,700 following the first phase of the project and that she later attempted to pay plaintiffs an additional $2,106, which would have resulted in a total of $3,806 in payments had the second payment not been returned pending resolution of plaintiffs' claim. In view of the foregoing, the determination awarding plaintiffs a net recovery of $4,000 was not clearly erroneous and County Court properly affirmed the judgment of City Court (see UCCA 1804, 1807; see also Skinner v Crandall, 140 AD3d at 1216; DeLeon v Kalil, 126 AD3d 1155, 1155-1156 [3d Dept 2015]; Stein v Anderson, 123 AD3d at 1323). Defendant's remaining contentions, to the extent not expressly addressed, have been considered and found to be unpersuasive.
Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.