Viscusi v Albany County Dental Assoc. (2024 NY Slip Op 01852)

Viscusi v Albany County Dental Assoc.

2024 NY Slip Op 01852

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-23-0368
[*1]Joseph Viscusi, Appellant,
v
Albany County Dental Associates, Defendant, and Linda Maiorano, Respondent.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Joseph Viscusi, Albany, appellant pro se.
Kaufman Borgeest & Ryan LLP, New York City (Brennan P. Breeland of counsel), for respondent.

McShan, J.
Appeals (1) from an order of the Supreme Court (Margaret T. Walsh, J.), entered June 17, 2022 in Albany County, which, among other things, granted a motion by defendant Albany County Dental Associates to dismiss the complaint against it, and (2) from an order of said court, entered January 5, 2023 in Albany County, which, upon reargument, granted defendant Linda Maiorano's motion to dismiss the complaint against her.
In 2021, plaintiff commenced a small claims action in Bethlehem Town Court against defendant Albany County Dental Associates (hereinafter ACDA) sounding in dental malpractice. Following a hearing in June 2021, Town Court (Kirby, J.) found that plaintiff had failed to satisfy his burden of proof and dismissed the action. Thereafter, plaintiff, pro se, commenced the instant action in Supreme Court against ACDA and defendant Linda Maiorano, a dentist employed with ACDA. Defendants moved to dismiss the action on the grounds that, among other things, plaintiff's claim was fully litigated before Town Court and therefore barred by its June 2021 order. In June 2022, Supreme Court granted the motion in part by dismissing the complaint as against ACDA. In November 2022, Maiorano moved to, among other things, reargue and renew on the grounds that plaintiff's claim against her was also barred because she was an employee of ACDA. In January 2023, Supreme Court granted reargument, finding that it overlooked the fact that Maiorano was in privity with ACDA as an employee thereof and, as a result, the court granted Maiorano's motion to dismiss. Plaintiff appeals from both the June 2022 and January 2023 orders.[FN1]
We affirm. Town Court provided plaintiff an opportunity to present evidence on the merits of his dental malpractice claim and, based upon plaintiff's failure to produce competent evidence that defendants deviated from the appropriate standard of care, the court issued its determination dismissing his claim. Upon that determination, plaintiff's recourse was limited to an appeal to County Court "on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1701; Bet v Geriak, 222 AD3d 1070, 1071 [3d Dept 2023]).[FN2] Plaintiff failed to appeal and, instead, commenced this separate action in Supreme Court. His claim was therefore barred by the unchallenged binding effect of Town Court's prior decision on the merits (see Matter of Mead v Swift, 186 AD3d 1840, 1841 [3d Dept 2020]; Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d 1127, 1129 [3d Dept 2014]) and the complaint in Supreme Court was properly dismissed in its entirety.
Egan Jr., J.P., Clark, Lynch and Powers, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: In an exercise of our discretion, we will overlook the defects in plaintiff's notice of appeal and treat the notice as valid (see CPLR 5520 [c]; Jones v State of New York, 171 AD3d 1362, 1362 n 2 [3d Dept 2019], appeal dismissed 33 NY3d 1056 [2019]).
Footnote 2: The transcript of the Town Court proceeding confirms that the court advised plaintiff that he had the right to appeal the court's decision to County Court.