Alcala v Bay Laundry Depot (2025 NY Slip Op 51830(U))

[*1]

Alcala v Bay Laundry Depot

2025 NY Slip Op 51830(U)

Decided on November 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2024-987 K C

Luis Alcala, Appellant, 
against
Bay Laundry Depot, Respondent. 

Luis Alcala, appellant pro se.
Bay Laundry Depot, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Nicholas W. Moyne, J.), entered November 3, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $200.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action seeking $700, representing the value of his property that he dropped off at defendant Bay Laundry Depot on January 10, 2022 and was never returned. Following a nonjury trial, the Civil Court (Nicholas W. Moyne, J.) entered a judgment on November 3, 2022 in favor of plaintiff in the principal sum of $200. Plaintiff appeals on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
"To establish damages for the loss of personal property, there must be some testimony as to the property's value by the owner or someone familiar with the property's quality and condition, such as its original cost, age and condition at the time of the loss" (Charles v Boland, [*2]57 Misc 3d 150[A], 2017 NY Slip Op 51524[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [citation, brackets and internal quotation marks omitted]; see Collens v Sayegh, 64 Misc 3d 145[A], 2019 NY Slip Op 51301[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Kodak v American Airlines, 9 Misc 3d 107, 110 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]). Here, plaintiff failed to provide any evidence of the original cost, age or condition of the property at the time of the loss.
As plaintiff failed to prove that he had sustained damages in an amount greater than the $200 awarded to him, there is no basis to conclude that substantial justice (see CCA 1804, 1807) requires an increase in the amount of the judgment.
Accordingly, the judgment is affirmed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2025