Reyes v Scherrer (2026 NY Slip Op 01257)

Reyes v Scherrer

2026 NY Slip Op 01257

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1193
[*1]Alexis Reyes, Appellant,
vDaniel Scherrer, Doing Business as Good New Paltz Rental, LLC, Defendant.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Alexis Reyes, Kingston, appellant pro se.

Mackey, J.
Appeal from an order of the County Court of Ulster County (Bryan Rounds, J.), entered June 3, 2024, which affirmed a judgment of the Justice Court of the Town of New Paltz in favor of defendant.
This small claims action arises from the parties' oral month-to-month tenancy agreement for a residential unit at the rate of $650 per month. It is undisputed that plaintiff occupied the subject unit beginning in September 2022 and ending in July 2023, and that plaintiff paid defendant an initial payment of $1,250. After plaintiff notified defendant of his intention to end their agreement and he vacated the premises, plaintiff commenced this action in New Paltz Town Court seeking to recover $1,950 from defendant for the alleged improper retention of a $600 purported deposit — plus treble damages — allegedly made as part of plaintiff's initial payment. Defendant in turn filed a counterclaim for rental arrears, lost rent and unpaid costs. Following trial, Town Court (Weires, J.) dismissed plaintiff's claim, finding that the parties had an oral month-to-month rental agreement but that no deposit had been made, instead concluding that the disputed funds had been properly applied to rent due. Further finding that plaintiff owed other related charges, the court awarded defendant a judgment of $200. Upon plaintiff's ensuing appeal, County Court modified the judgment by reducing defendant's award to $50, the balance owed for rent, but otherwise affirmed the award. Plaintiff appeals.
"Appellate review of small claims matters is limited to a determination of whether substantial justice has not been done between the parties according to the rules and principles of substantive law" (Murray v Bickerton, 225 AD3d 1086, 1087 [3d Dept 2024] [internal quotation marks and citations omitted], lv dismissed 42 NY3d 967 [2024]; see UJCA 1804, 1807). "In applying this standard, only a clearly erroneous determination will be overturned" (Svensson v Foundation for Long Term Care, Inc., 140 AD3d 1385, 1385 [3d Dept 2016] [internal quotation marks and citations omitted]).
Plaintiff is correct that General Obligations Law § 7-108 provides that a landlord's failure to provide a tenant with an itemized statement indicating the basis for the retention of a deposit within 14 days after a tenant has vacated a premises results in the landlord's forfeiture of any portion of the deposit (see General Obligations Law § 7-108 [1-a] [e]), and that no such statement was provided here. However, the record supports Town Court's rejection of plaintiff's testimony that the disputed $600 was paid as a deposit, with the court instead crediting defendant's explanation that plaintiff's initial payment of $1,250 was intended to cover the first and the last months' rent of $650 per month — with plaintiff first occupying the unit on September 7. To the extent that the parties had apparently discussed a written lease agreement that contemplated a security deposit of $2,000, there is no indication that such [*2]document was ever executed. Upon this record, and deferring to Town Court's superior position to observe the witnesses and make credibility determinations, we conclude that the court's finding that the disputed $600 payment did not constitute a deposit and was instead properly applied toward unpaid rent was not clearly erroneous (see Pierce v Pastorello, 255 AD2d 622, 622 [3d Dept 1998]; Moses v Randolph, 236 AD2d 706, 707 [3d Dept 1997]).
Finally, as plaintiff was in possession of the unit from September 2022 through July 2023, for an agreed-upon rent of $650 per month, Town Court reasonably determined that the total rent to be paid was $7,150. As it is undisputed that plaintiff paid defendant only $7,100, the court's award of $50 to defendant in satisfaction of unpaid rent is supported by the record. We agree with County Court, however, that the record does not support awarding defendant an additional $150 toward certain unpaid maintenance charges absent record evidence that the parties had agreed to same. We otherwise discern no failure to effect substantial justice between the parties (see UJCA 1804; Svensson v Foundation for Long Term Care, Inc., 140 AD3d at 1385; Kelsey v McNally, 77 AD3d 1230, 1231-1232 [3d Dept 2010], lv dismissed 16 NY3d 853 [2011]; see also Logan v Johnson, 34 AD3d 758, 759 [2d Dept 2006]). Plaintiff's remaining contentions, to the extent properly before us, have been considered and found unpersuasive.
Reynolds Fitzgerald, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.